■ GEMINO A. FREDA, Respondent, v JOHN McNAMARA et al., Defendants, and J. TIMOTHY SHEA et al., Appellants. [678 NYS2d 135] —In an action, *inter alia*, to recover damages for fraud, (1) the defendant J. Timothy Shea appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated January 29, 1997, as, in effect, denied his motion for summary judgment dismissing the complaint insofar as asserted against him. The appeal brings up for review so much of an order of the same court, dated September 30, 1997, as, upon granting his motion for leave to reargue and renew, adhered to the original determination (*see,* CPLR 5517 [b]), and (2) the defendant Pelletreau & Pelletreau appeals from so much of the order dated September 30, 1997, as, upon granting its separate motion for leave to reargue and renew the order dated January 29, 1997, adhered to the original determination denying its separate motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal from the order dated January 29, 1997, is dismissed, as that order was superseded by the order dated September 30, 1997, made upon reargument and renewal; and it is further,

Ordered that the order dated September 30, 1997, is reversed insofar as appealed from, on the law, the order dated January 29, 1997, is vacated, the respective motions of the defendants J. Timothy Shea and Pelletreau & Pelletreau for summary judgment dismissing the complaint insofar as asserted against them are granted, and the action against the remaining defendants is severed; and it is further,

Ordered that the appellants are awarded one bill of costs.

It is well settled that under CPLR 213 (8) an action to recover damages "based on actual fraud must generally be commenced within six years of the commission of the fraud" (*Piedra v Vanover,* 174 AD2d 191, 194). However, "this provision must be read with subdivision (f) of CPLR 203, which provides that an action may be commenced within two years after actual or imputed discovery of the fraud, even though more than six years has elapsed from the commission of the wrong" (*Piedra v Vanover, supra,* at 194; *see also, Barristers Abstract Corp. v Caulfield,* 203 AD2d 406).

The instant action was commenced on July 16, 1993, and, *inter alia,* seeks damages against the defendants J. Timothy Shea and the law firm of Pelletreau & Pelletreau (hereinafter Shea and Pelletreau) for fraud that they allegedly committed more than six years before, i.e., in March 1987. In addition, in the submissions by Shea and Pelletreau in support of their respective motions for leave to reargue and renew, Shea and Pelletreau demonstrated by probative evidence (*see, Zuckerman v City of New York,* 49 NY2d 557), that the plaintiff had been aware of the alleged fraud as early as April 1987. The affirmation of the plaintiff's attorney was insufficient to defeat those branches of the respective motions of Shea and Pelletreau which were directed to the untimeliness of the complaint's allegations concerning the fraud allegedly committed in March 1987 (*see, Spearmon v Times Sq. Stores Corp.,* 96 AD2d 552).

The complaint also alleged that Shea (then a partner in Pelletreau) acted "fraudulently" in "procuring plaintiff's signatures [*sic*] on the agreement dated March 31, 1987, on or about July 21, 1987". The Supreme Court held that "the purported cause of action for fraud occurred on July 21, 1987, the date that plaintiff apparently signed the document in question and therefore, the Statute of Limitations is not a bar to this action [commenced on July 16, 1993]". The Supreme Court denied those branches of the respective motions of Shea and Pelletreau which were to dismiss the complaint for failure to state a cause of action, or, in the alternative, for summary judgment, stating: "[The plaintiff] was asked to sign papers which were not explained to him and only told it was in connection with the business * * * A person should not be bound by a contract which he signs that contains terms, conditions and subject matter he is unaware of".

This was error. The Supreme Court itself acknowledged that "the moving papers are devoid of any indication of want of understanding on plaintiff's part, inability to read, or a concealment of a material fact from plaintiff". Moreover, in the

landmark case of *Pimpinello v Swift & Co.* (253 NY 159), the Court of Appeals held: "Ordinarily, the signer of a deed or other instrument, expressive of a jural act, is conclusively bound thereby. That his mind never gave assent to the terms expressed is not material. Wigmore on Evidence, § 2415. If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him" (*Pimpinello v Swift & Co., supra*, at 162-163).

Accordingly, those branches of the respective motions of Shea and Pelletreau which were to dismiss the complaint insofar as asserted against them are granted. Mangano, P. J., Rosenblatt, Ritter and Altman, JJ., concur.