OPINION OF THE COURT
Mark I. Partnow, J.
Defendants, New York Post and NYP Holdings, Inc., move *151 for summary judgment dismissing plaintiffs Boris and Alla Kotlyarsky and Reliable Rehabilitation Center’s (Reliable) complaint pursuant to CPLR 3211 (a) (5) and 3212, on the ground that the statute of limitations has expired.
This is an action alleging libel based on an article written by Susan Edelman which contained a photograph by Devlin Barrett. The article was published on December 11, 2000 in the New York Post, which is published by NYP Holdings, Inc. The article reported that Boris Kotlyarsky was under a federal indictment charging him with conspiracy and money laundering for organized crime. It also described the alleged scheme, and reported that the government had stated that Reliable, a medical clinic run by the plaintiffs, was a “medical mill set up to defraud insurance companies.” On December 12, 2000, Boris Kotlyarsky left a message for Susan Edelman, which she returned on December 19, 2000. During the course of the conversation, Boris Kotlyarsky requested a retraction, after advising Susan Edelman that the contents of the article were false, and that his reputation, his wife’s, and that of his business, had been damaged. On January 3, 2001, he pleaded guilty to one count of conspiracy to money launder. Thereafter, Boris Kotlyarsky attempted to contact Susan Edelman between January 20, 2001 and March 18, 2001. However, a meeting between the two parties was not convened until April 20, 2001 at the New York Post office. At this meeting, Boris Kotlyarsky brought court documents from his criminal case, attempting to prove the falsity of the article. During the course of the meeting, photographs were taken with either the expressed or implied promise that they would be used in a retraction. On May 29, 2001, Boris Kotlyarsky began serving his sentence. While he was incarcerated, he received no news of the retraction, so he wrote a letter to Susan Edelman requesting a copy of the retraction. Susan Edelman responded in a letter dated February 12, 2002 that she had left messages with his criminal attorney about a possible article, and that since she did not receive a response, the requested retraction article was withdrawn. Plaintiffs Boris Kotlyarsky, Alla Kotlyarsky, and Reliable Rehabilitation Center, Inc., commenced this action against defendants New York Post, Susan Edelman, Devlin Barrett, and NYP Holdings, Inc., by filing the complaint on August 12, 2002. On September 4, 2002, plaintiff served defendant NYP Holdings, Inc. with the summons and complaint. Neither Susan Edelman nor Devlin Barrett was served. Issue was joined on September 24, 2002. Defendants now move for *152 summary judgment dismissing the complaint based on grounds that it was time-barred.
In support of the motion, defendants contend that the statute of limitations expired on December 12, 2001 and that plaintiffs’ action was commenced eight months later on August 12, 2002. Defendants further contend that since the statute was not tolled, the complaint was untimely and should be dismissed. Defendants alternately contend that even if the statute of limitations was tolled, plaintiffs did not establish reasonable reliance and due diligence to warrant prohibiting defendants from claiming violation of the statute of limitations.
In opposing defendants’ motion, plaintiffs contend that either the doctrines of equitable estoppel, equitable tolling, and/or promissory estoppel are applicable in this case, suspending the limitations period, thereby preventing the defendants from pleading the statute of limitations as a defense. Plaintiffs acknowledge that the statute of limitations started running on the date the article was published, December 11, 2000, until it was tolled on April 20, 2001, for four months, by Susan Edelman’s promise of a retraction. Plaintiffs also maintain that the toll on the statute of limitations was lifted upon receipt of Susan Edelman’s letter, dated February 12, 2002, which withdrew any possibilities of a retraction. Plaintiffs state that they had eight more months from the date of Susan Edelman’s letter, until October 12, 2002, to commence an action. Plaintiffs contend that their action was timely commenced on August 12, 2002, two months prior to the expiration of the one-year statute of limitations.
The issues before this court are whether the statute of limitations was tolled by equitable or promissory estoppel or equitable tolling, based on reliance on a promise to retract a defamatory article, and whether plaintiffs exercised due diligence and reasonableness in relying on the promise for eight months.
CPLR 215 (3) provides that “an action to recover damages for * * * libel, slander, [or] false words causing special damages” must be commenced within one year from the date that the allegedly defamatory words were distributed to the public.
However, the doctrines of equitable estoppel and equitable tolling can prevent a defendant from pleading the statute of limitations as a defense where, by fraud, misrepresentation, or deception, he or she had induced the plaintiff to refrain from filing a timely action. (Simcuski v Saeli, 44 NY2d 442 [2d Dept 1978]; Green v Albert, 199 AD2d 465 [2d Dept 1993]; Gleason v Spota, 194 AD2d 764 [2d Dept 1993].)
*153 Although both the doctrines of equitable estoppel and equitable tolling have a common origin, they are applied in different circumstances. Equitable estoppel is applicable where the plaintiff knew of the existence of the cause of action, but the defendant’s misconduct caused the plaintiff to delay in bringing suit. (Green v Albert, 199 AD2d 465 [2d Dept 1993]; Murphy v Wegman’s Food Mkts., 140 AD2d 973 [4th Dept 1988]; Netzer v Continuity Graphic Assoc., Inc., 963 F Supp 1308, 1316 [SD NY 1997]; Buttry v General Signal Corp., 68 F3d 1488, 1493 [2d Cir 1995].) Equitable tolling, on the other hand, is applicable where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action. (Miller v United States, 803 F Supp 1120, 1127 [ED Va 1992]; English v Pabst Brewing Co., 828 F2d 1047, 1049 [4th Cir 1987], cert denied 486 US 1044 [1988].)
A defendant is not estopped from asserting the statute of limitations, nor is the statute of limitations tolled, as long as the plaintiff possesses timely knowledge sufficient to place him or her under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable statute of limitations. (Gleason v Spota, 194 AD2d 764 [2d Dept 1993]; Ramsay v Mary Imogene Bassett Hosp., 113 AD2d 149 [3d Dept 1985].) It is undisputed that plaintiffs in this case possessed timely knowledge of the article because Boris Kotlyarsky called Susan Edelman after the article was published and was aware of his cause of action for libel. In addition, plaintiffs had constructive knowledge through their criminal lawyer who was contacted both before and after the publication of the article. Plaintiffs have proffered no evidence that defendants have wrongfully deceived or misled them in order to conceal the existence of a claim. The doctrine of equitable tolling is, therefore, not applicable to this case.
Plaintiffs also claim tolling based on equitable estoppel. This doctrine is applied where the plaintiff is aware of the cause of action but defendant’s misconduct causes the plaintiff to delay in commencing the action. Ordinarily, plaintiff’s delay is excused because either the defendant misrepresented the length of the limitations period or lulled the plaintiff into believing that it was not necessary to commence the litigation. (Green v Albert, 199 AD2d 465 [2d Dept 1993]; Netzer v Continuity Graphic Assoc., Inc., 963 F Supp 1308, 1316 [SD NY 1997]; Cerbone v International Ladies’ Garment Workers’ Union, 768 F2d 45, 50 [2d Cir 1985].) On a motion for summary judgment, it is the plaintiffs burden to present facts which, if true, *154 justify equitably estopping a defendant from asserting the statute of limitations. (Simcuski v Saeli, 44 NY2d 442, 450 [1978]; Netzer v Continuity Graphic Assoc., Inc., 963 F Supp 1308, 1316 [SD NY 1997]; Miller v United States, 803 F Supp 1120, 1127 [ED Va 1992].)
Plaintiffs assert that such burden has been met. They contend that they had refrained from instituting a lawsuit against the defendants because of Susan Edelman’s promise of a retraction. They further contend that this promise was relied upon and as a result, a lawsuit was not commenced.
A plaintiff seeking to invoke either the doctrines of equitable estoppel or equitable tolling is required to demonstrate that the failure to timely commence the lawsuit is not attributable to a lack of diligence on his or her part. (Simcuski v Saeli, 44 NY2d 442, 450 [1978]; Netzer v Continuity Graphic Assoc., Inc., 963 F Supp 1308, 1316 [SD NY 1997].) A plaintiff who unreasonably relies on the reassurances of a wrongdoer has not satisfied the obligation of due diligence. (Simcuski v Saeli, 44 NY2d 442, 450 [1978]; Zola v Gordon, 685 F Supp 354, 366 [SD NY 1988].) A wronged party is held to “discover” a wrong, and thereby start the statute of limitations running, not upon actual discovery of the other party’s wrong, but at the point where the facts could have been ascertained by using reasonable diligence. (Zola v Gordon, 685 F Supp 354, 365 [SD NY 1988].)
Generally, the degree of due diligence needed varies according to the circumstances of each case. (Simcuski v Saeli, 44 NY2d 442, 450 [1978].) Here, due diligence has not been shown. The facts of this case establish that Boris Kotlyarsky waited approximately nine months, until January 22, 2002, before writing a letter requesting a copy of the newspaper in which the retraction had been printed. Plaintiffs’ nine months of inactivity between the meeting and the first correspondence does not support a finding of due diligence. Had the plaintiffs exercised some effort they could have easily discovered that the retraction was not going to be printed. Boris Kotlyarsky’s contention that his imprisonment justifies a delay and a lack of performance on his part is without merit. Even assuming arguendo that because of his imprisonment, sending a letter proved to be a hardship for him, a simple telephone call to the New York Post’s office or to Susan Edelman would have revealed the status of the retraction. Furthermore, if a retraction was of such importance to him and his wife’s reputation, either his wife or their attorney could have made the necessary inquiries about the retraction.
*155 Additionally, the length of time between the publication of the article and the retraction was long enough that a retraction would have been of little benefit, since Reliable had already declared bankruptcy. It is simple logic that the longer the time span between the article and the retraction, it is less likely that the reputation can be rehabilitated. Even with the promise of a retraction, plaintiffs could have still instituted an action for libel, and the retraction could be used as mitigating evidence to establish the question of damages. Thus, this court finds that due diligence has not been shown, and plaintiffs have failed to allege sufficient facts to warrant the tolling or estoppel of the limitation period.
With respect to the doctrine of promissory estoppel, a promise which is expected to induce action by the promisee, and does induce the action, is binding if injustice can be avoided only by enforcing the promise. (Restatement [Second] of Contracts § 90 [1] [1981].) Such promise may be invoked only where the aggrieved party can demonstrate the existence of a clear and unambiguous promise upon which he or she reasonably relied, thereby sustaining injury. (Steele v Delverde S.R.L., 242 AD2d 414, 415 [1st Dept 1997].) In this case, plaintiffs contend that Edelman promised a retraction at the meeting, and as a result, they relied on that promise to their detriment. Nevertheless, nowhere in the pleadings can it be found that defendants promised anything with respect to the statute of limitations, nor do plaintiffs assert this. Furthermore, promissory estoppel is available only where a party reasonably relies on the promise, and it would be unconscionable to deny enforcement of the oral agreement. (Steele, 242 AD2d 414, 415 [1st Dept 1997]; James v Western N.Y. Computing Sys., 273 AD2d 853, 855 [4th Dept 2000].) Plaintiffs’ lack of due diligence prevents them from asserting this.
I find that defendants have established entitlement to summary judgment on the expiration of the statute of limitations as a matter of law and that plaintiffs have not proffered sufficient evidence in admissible form to establish tolling of the statute of limitations.
Accordingly, defendants’ motion for summary judgment, dismissing the complaint on the ground that the statute of limitations has expired, is granted.