09-0630-pr
Rochester v. Sixth Precinct Police Station

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand ten.

PRESENT:
ROBERT A. KATZMANN,
PETER W. HALL,
*Circuit Judges*,
JED S. RAKOFF,
*District Judge.*[*]

_____

Charles Rochester,

*Plaintiff-Appellant*,

v.                                                                    09-0630-pr

Sixth Precinct Police Station, Franco Frantellizzi, Police Officer Badge #4182, Dylan Friedlander, Police Officer Badge #4945, Anthony Schwarz, Police Officer Badge #4130,

*Defendants-Appellees.*

_____

FOR APPELLANT:            Charles Rochester, *pro se*, Bronx, N.Y.

_____

[*]Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                    Arlene S. Zwilling, County Attorneys' Office, Suffolk County, Hauppauge, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**, in part, and the appeal is **DISMISSED WITHOUT PREJUDICE**, in part, to reinstatement.

Appellant Charles Rochester, *pro se*, appeals from the judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*), pursuant to a partial order of dismissal and a jury verdict, dismissing his 42 U.S.C. § 1983 action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.     Motion to Dismiss

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *see also Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Section 1983 actions arising in New York State are governed by a three-year period of limitations. *Owens v. Okure*, 488 U.S. 235, 250-51 (1989). Where the original complaint was filed within the statute of limitations, an amended complaint "relates back" to the date of the original pleading when: (1) the law that provides the statute of limitations allows relation back; (2) the amendment asserts a claim or defense that arose out of the conduct in the original pleading; or (3) the amendment changes the party or the naming of

the party against whom a claim is asserted.  *See* Fed. R. Civ. P. 15(c)(1).

Moreover, "[u]nder the doctrine of equitable tolling, a court may, under compelling circumstances, make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003).  In New York, "[a] plaintiff seeking to invoke either the doctrines of equitable estoppel or equitable tolling is required to demonstrate that the failure to timely commence the lawsuit is not attributable to a lack of diligence on his or her part." *Kotylarsky v. N.Y. Post*, 757 N.Y.S.2d 703, 707 (N.Y. Sup. Ct. 2003); *see also O'Hara v. Bayliner*, 89 N.Y.2d 636, 646-47 (1997) (setting forth the "limited circumstances" for equitable tolling). Typically, the statute of limitations is equitably tolled when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired.  *See Pearl v. City of Long Beach*, 296 F.3d 76, 82-83 (2d Cir. 2002) (discussing the New York state courts' application of equitable estoppel and the federal courts' use of equitable tolling and equitable estoppel).

Having conducted an independent and *de novo* review, we conclude, for substantially the same reasons stated by the district court, that Appellant's § 1983 claims, pled in his amended complaint, are time-barred.  Although Appellant's claims are similar to those raised in his original complaint—namely, police misconduct and harassment—the claims are nevertheless unrelated because they did not arise out of the same conduct set forth in his original complaint, and, instead, involve a different factual predicate based on events occurring in March and October 2003.  *See Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (noting that "even where an amended complaint tracks the legal theory of the first complaint, claims that are based on an 'entirely distinct set' of factual allegations will not relate back") (quoting *Nettis v. Levitt*, 241 F.3d 186, 193 (2d Cir. 2001)).  Accordingly, we affirm the judgment of the district court with respect to its dismissal of Appellant's time-barred claims.

**II.     Jury Verdict**

It is Appellant's duty to "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary [or] . . . file a certificate stating that no transcript will be ordered." Fed. R. App. P. 10(b)(1)(A) and (B).  Additionally, where, as here, an appellant "intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2).  As the trial transcripts are necessary for meaningful appellate review of the district court's judgment, that portion of the appeal challenging the jury verdict is **DISMISSED WITHOUT PREJUDICE** to reinstatement provided that Appellant, within 30 days of the date of this order, provides this Court with: (1) the trial transcript; (2) proof that he has ordered the trial transcript; or (3) proof that he has moved in the district court for a free trial transcript.  Upon timely filing of a transcript in the record on appeal, the appeal will be reinstated.

For the reasons stated above, the district court's judgment is **AFFIRMED**, in part, and the appeal is **DISMISSED**, in part, **WITHOUT PREJUDICE** to reinstatement.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4