■ ADREAN COOMBS, Appellant, v BEVERLY JERVIER et al., Respondents, et al., Defendants. [906 NYS2d 267]—

In an action, inter alia, to recover damages for fraud and to impose a constructive trust, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated July 27, 2009, which granted the motion of the defendants Beverly Jervier and Timothy Jervier to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (3) and (5).

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action in 2008, asserting causes of action alleging, inter alia, fraud, breach of constructive trust, and unjust enrichment associated with an allegedly forged deed dated February 8, 1995, involving real property located in Brooklyn, New York. The complaint alleges, among other things, that the defendants utilized the forged deed which was recorded in February 1995, to extinguish the ownership interest which the plaintiff's father had in the subject property in 1995. The Supreme Court granted the motion of the defendants Beverly Jervier and Timothy Jervier (hereinafter together the defendants) to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (3) and (5) on the grounds that the causes of action were barred by the applicable statute of limitations. We affirm.

The time within which an action based upon fraud "must be commenced shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213 [8]; *see Piedra v Vanover*, 174 AD2d 191 [1992]). Causes of action alleging unjust enrichment and "to impose a constructive trust [are] governed by a six-year statute of limitations and begin[ ] to accrue 'upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered' " (*Reiner v Jaeger*, 50 AD3d 761, 761 [2008], quoting *Soscia v Soscia*, 35 AD3d 841, 843 [2006]; *see* CPLR 213 [1], [8]; *Ingrami v Rovner*, 45 AD3d 806, 808 [2007]; *Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d 501, 503 [1993]).

"A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition . . . or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property" (*Tornheim v Tornheim*, 67 AD3d 775, 776 [2009], quoting *Zane v Minion*, 63 AD3d 1151, 1153 [2009]; *see Taintor v Taintor*, 50 AD3d 887 [2008]; *Pisciotto v Dries*, 306 AD2d 262, 263 [2003]; *Jakacic v Jakacic*, 279 AD2d 551, 552 [2001]; *Mazzone v Mazzone*, 269 AD2d 574, 575 [2000]).

Here, in support of their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), the defendants established, prima facie, that the causes of action alleging fraud, constructive trust, and unjust enrichment were time-barred by showing that they accrued on February 8, 1995, the date when the alleged forgery occurred, or on February 24, 1995, when the subject deed was recorded (*see Matter of Schwartz*, 44 AD3d 779 [2007]; *Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006]). Moreover, the plaintiff failed to commence this action within two years after the fraud could have been discovered with reasonable diligence (*see* CPLR 203 [g]; *Freda v McNamara*, 254 AD2d 251 [1998]).

In opposition, the plaintiff failed to "aver evidentiary facts establishing that the case falls within an exception to the Statute of Limitations" (*Savarese v Shatz*, 273 AD2d 219, 220 [2000] [internal quotation marks omitted]; *see Pate v Pate*, 17 AD3d 334 [2005]; *Green v Albert*, 199 AD2d 465, 465 [1993]). The plaintiff's remaining contentions are without merit. Accordingly, the plaintiff's causes of action were properly dismissed as outside the applicable statute of limitations (*see* CPLR 213 [1], [8]).

In light of the foregoing, we need not reach the plaintiff's remaining contentions. Dillon, J.P., Balkin, Belen and Lott, JJ., concur.