■ BRACHA GORELICK, Appellant, v MILAN VORHAND et al., Defendants, and HARRY VORHAND, Respondent. [920 NYS2d 703]—

In an action, inter alia, for a judgment declaring the plaintiff's interest in a certain partnership and to compel partnership accountings and a distribution of partnership assets, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Rockland County (Nelson, J.), entered

September 11, 2009, as granted that branch of the motion of the defendant Harry Vorhand which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against the defendants Milan Vorhand, Harry Vorhand, and Thomas Vorhand as time-barred, and (2) so much of an order of the same court dated January 29, 2010, as, upon reargument, in effect, adhered to the prior determination.

Ordered that the appeal from the order entered September 11, 2009, is dismissed, as that order was superseded by the order dated January 29, 2010, made upon reargument; and it is further,

Ordered that the order dated January 29, 2010, is reversed insofar as appealed from, on the law, and upon reargument, the determination in the order entered September 11, 2009, granting that branch of the motion of the defendant Harry Vorhand which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against the defendants Milan Vorhand, Harry Vorhand, and Thomas Vorhand as time-barred is vacated and, thereupon, that branch of the motion of the defendant Harry Vorhand is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

"[A] fraud-based action must be commenced within six years of the fraud or within two years from the time the plaintiff discovered the fraud or 'could with reasonable diligence have discovered it' " (*Sargiss v Magarelli*, 12 NY3d 527, 532 [2009], quoting CPLR 213 [8]; *see* 203 [g]; *Coombs v Jervier*, 74 AD3d 724, 724 [2010]). "The test as to when a plaintiff should have discovered an alleged fraud is an objective one" (*Prestandrea v Stein*, 262 AD2d 621, 622 [1999]; *see* 2 NY PJI2d 3:20, at 192 [2011]). Thus "plaintiffs will be held to have discovered the fraud when it is established that they were possessed of knowledge of facts from which [the fraud] could be reasonably inferred" (*Erbe v Lincoln Rochester Trust Co.*, 3 NY2d 321, 326 [1957]; *see Sargiss v Magarelli*, 12 NY3d at 532; *Higgins v Crouse*, 147 NY 411, 416 [1895]; *Stride Rite Children's Group v Siegel*, 269 AD2d 875, 876 [2000]; *Watts v Exxon Corp.*, 188 AD2d 74, 76 [1993]; *Azoy v Fowler*, 57 AD2d 541, 541-542 [1977]).

"Ordinarily such an inquiry presents a mixed question of law and fact" (*Erbe v Lincoln Rochester Trust Co.*, 3 NY2d at 326; *see K&E Trading & Shipping v Radmar Trading Corp.*, 174 AD2d 346 [1991]; *Azoy v Fowler*, 57 AD2d 541, 541-542 [1977]). As a general matter, "knowledge of the fraudulent act is required and mere suspicion will not constitute a sufficient substitute" (*Erbe v Lincoln Rochester Trust Co.*, 3 NY2d at 326; *see Sargiss v Magarelli*, 12 NY3d at 532).

Where, as here, "it does not conclusively appear that a plaintiff had knowledge of facts from which the fraud could reasonably be inferred, a complaint should not be dismissed on motion and the question should be left to the trier of the facts" (*Trepuk v Frank*, 44 NY2d 723, 725 [1978]; *see Sargiss v Magarelli*, 12 NY3d at 532; *see Pericon v Ruck*, 56 AD3d 635, 636-637 [2008]; *Oggioni v Oggioni*, 46 AD3d 646, 648-649 [2007]; *Saphir Intl., SA v UBS PaineWebber Inc.*, 25 AD3d 315, 316 [2006]). Accordingly, the Supreme Court erred when it, upon reargument, in effect, adhered to so much of the determination in the order entered September 11, 2009, as granted that branch of the motion of the defendant Harry Vorhand which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against the defendants Milan Vorhand, Harry Vorhand, and Thomas Vorhand as time-barred. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.