OPINION OF THE COURT
Yvonne Lewis, J.
This is an action brought by the plaintiff, Parbatee Budhu, against the defendants, Mohan Budhu (her father) and Vijay Henry (her sister). Parbatee* asks this court to nullify an allegedly fraudulent deed, recorded February 4, 1986 (hereinafter referred to as the 1986 deed). The 1986 deed transferred, to Mohan, Parbatee’s interest in real property located at 986 Manhattan Avenue, Brooklyn, New York (hereinafter referred to as the subject premises). Parbatee first acquired a 50% interest in the subject premises via a deed dated June 22, 1983 (hereinafter referred to as the 1983 deed). The 1983 deed conveyed ownership of the subject premises to Parbatee and her brother, Parmanand Budhu, as tenants in common with equal shares. In December of 1985, a dispute arose between Parbatee and her family. Consequently, Parbatee left the subject premises and moved to an address on Menahan Street in Brooklyn, where she has since resided. In 1986, a new deed was recorded with the City Register, allegedly without the knowledge or permission of Parbatee Budhu. This 1986 deed transferred title of the subject premises from Parbatee and Parmanand to Mohan and Parmanand. In 1988, Parmanand transferred his interest in the subject premises to Mohan, and, in 2003, Mohan transferred title of the subject premises to Vijay. After her mother’s death in 2008, Parbatee requested several documents concerning the subject premises from Mohan. According to Parbatee, Mohan *400 delayed for several months in providing the documents, and eventually presented Parbatee with the 1986 deed. Parbatee commenced this action in 2009 after learning of this allegedly fraudulent deed.
Parbatee claims that her signature on the 1986 deed was forged. She requests that the 1986 deed be declared null and void, thereby voiding all subsequent transfers and allowing her to reclaim the 50% interest she originally held in the subject premises. The defendants, Mohan and Vijay, have moved for summary judgment on the grounds that this action is barred by the applicable statute of limitations. In the event that summary judgment is denied, the defendants have requested that this court sign an order declaring that Parbatee is entitled to no more than 50% of the subject premises, and that her original 50% interest was held in trust for Mohan’s benefit. Mohan alleges that at the time of the 1983 deed, Parbatee and Parmanand had agreed to hold the subject premises in trust for his benefit. Parbatee expressly opposes this assertion in her affidavit.
The defendants, Mohan Budhu and Vijay Henry, argue that summary judgment must be granted because this action is time-barred by the statute of limitations. “[T]he time within which [an action based upon fraud] must be commenced shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it.” (CPLR 213 [8].) The defendants argue that because the alleged fraud occurred in 1986, the six-year time period expired in 1992. In addition, the defendants argue that because the 1986 deed was recorded with the City Register, Parbatee could have discovered the alleged fraud by exercising reasonable diligence and examining the subject premises’ housing records. The defendants argue that the two-year limitation period expired in 1988, two years after the 1986 deed was recorded. Thus, the defendants urge that summary judgment must be granted because this action was commenced in 2009, well after both time periods had expired.
In opposition Parbatee Budhu argues that summary judgment is improper because this action is not barred by the statute of limitations. While effectively conceding that the six-year limitation has passed, Parbatee argues that the two-year statute of limitations did not start running until 2008. Although the 1986 deed was recorded with the City Register, Parbatee contends that this alone is not enough to alert a reasonably dil *401 igent person to possible fraud, and thus not enough to trigger the running of the two-year statutory period. Parbatee argues that this action was timely brought in 2009 because the two-year period did not start running until 2008, when she discovered facts from which the fraud could reasonably have been inferred.
Any argument that Parbatee commenced this action within the six-year period established in CPLR 213 (8) must fail. The alleged fraud upon which this action is based occurred on February 4, 1986. Thus, the six-year period expired February 4, 1992, six years after the date the cause of action accrued. Accordingly, because this action was commenced after the expiration of the six-year period, this action must fall within the two-year period stipulated in CPLR 213 (8) to avoid being time-barred. Because the two-year period starts running only when the alleged fraud can be discovered with “reasonable diligence,” the question becomes whether Parbatee could have discovered the alleged fraud by exercising “reasonable diligence.”
‘The test as to when a plaintiff should have discovered an alleged fraud is an objective one.” (Gorelick v Vorhand, 83 AD3d 893, 894 [2d Dept 2011].) Thus, “plaintiffs will be held to have discovered the fraud when it is established that they were possessed of knowledge of facts from which the fraud could be reasonably inferred.” (Id. [brackets omitted].) When “it does not conclusively appear that a plaintiff had knowledge of facts from which the fraud could reasonably be inferred, a complaint should not be dismissed on motion and the question should be left to the trier of facts.” (Id. at 895.)
The defendants’ argument hinges on the contention that if Parbatee was exercising “reasonable diligence,” she should have known that a new deed was recorded, and therefore that the alleged fraud had occurred. However, as articulated in Gorelick, a reasonably diligent person should be aware of fraud only when he or she possesses knowledge from which the fraud can reasonably be inferred. (See id. at 894.) Therefore, in order to succeed on their motion for summary judgment, the defendants must show that Parbatee was aware of facts from which she could reasonably infer the occurrence of fraud. (See id.) Here, it does not “conclusively appear” that Parbatee had knowledge of facts from which the alleged fraud could reasonably have been inferred. The single argument being proffered by the defendants to suggest that Parbatee had the requisite knowledge is that her tempestuous relationship with her family in 1985 *402 should have alerted her to a possible challenge to her ownership of the subject premises.
Even if it were true that the family relationship was such that there might have been some clue that someone would challenge Parbatee’s ownership, no action appears to have taken place which would adumbrate that there actually was such a challenge, save the recording of the 1986 deed. Although the 1986 deed was duly recorded with the City Register, the mere recording of a deed appears, to this court, to be insufficient to alert a reasonably diligent person of a possible fraudulent transfer.
The court takes judicial notice of New York City’s mayor’s recent efforts to make sure that homeowners have actual notice of any recordings which may effect their property. Recently, Mayor Bloomberg has developed a new “property transaction alert” system, with the purpose of alerting “New Yorker[s] of possible fraud.” (Press Release, The City of New York, Office of the Mayor, Mayor Bloomberg and District Attorneys Announce New Effort to Use Data to Fight Financial Crime [Feb. 2, 2011].) The new system allows homeowners to “sign up to receive notifications when transactions involving their property are recorded by the City.” (Id.) If the allegedly fraudulent deed had been recorded after this new system had been established, this court would be more willing to hold that recording a deed is enough to put a reasonably diligent person on notice that a fraudulent transfer has occurred. The mere fact of a familial disagreement would not alert a reasonable person that other family members would perpetrate a fraud upon another family member.
The defendants have presented no evidence demonstrating that Parbatee was aware of any suspicious activity that would have alerted her to the occurrence of any possible fraud until 2008. There is no indicia before the court to suggest that Parbatee possessed knowledge of facts sufficient to reasonably infer any fraud had occurred until shortly after her mother’s death. In 1985, Parbatee removed herself from the subject premises, and seemingly had little to no interaction with the property until 2008. Shortly after her mother’s death in 2008, Parbatee requested information related to the property from Mohan. It was only after Mohan’s delay in responding to her request that Parbatee became aware of facts from which the alleged fraud could reasonably be inferred. At that point, a reasonably diligent person would have investigated further and discovered the *403 alleged fraud. This is precisely what Parbatee did. The two-year statutory period did not begin running until 2008, and thus Parbatee timely brought this action in 2009.
The defendants rely heavily on Coombs v Jervier (74 AD3d 724 [2d Dept 2010]), while arguing that summary judgment should be granted. In Coombs, the plaintiff brought an action in 2008 to void an allegedly fraudulent deed recorded in 1995. (Id. at 724.) The plaintiff, whose only claim to the property was that it was held in trust for his benefit, resided at the property from 1983 until 2004. The Second Department granted summary judgment to the defendants, stating simply that CPLR 213 (8) barred the action because the plaintiff “failed to aver evidentiary facts establishing that the case falls within an exception to the Statute of Limitations.” (Coombs, 74 AD3d at 725 [internal quotation marks omitted].) While on its face Coombs may appear to be controlling, the defendants’ reliance on it is undermined by a deeper analysis of its facts and the Second Department’s ultimate holding. As an initial matter, Coombs is factually distinguishable from the case at bar. The plaintiff in Coombs never owned an interest in the property, and continued to reside at the property throughout every “fraudulent” transfer. In contrast, Parbatee owned the subject premises as a tenant in common for roughly three years before the 1986 deed was recorded. Furthermore, Parbatee vacated the subject premises in December 1985, and had little contact with the property after this date. Moreover, in Coombs, the Second Department did not state that the mere recording of a deed is sufficient to give a reasonably diligent person sufficient knowledge to infer a fraudulent transfer. Without such or similarly specific language, this court finds it impossible to believe that the Second Department intended to hold that all deed recording, with nothing more, is unequivocally sufficient notice upon which to base an inference of fraud. Furthermore, in light of the Second Department’s more recent holding in Gorelick, this court believes the more liberal holding was the Second Department’s intention.
The moving defendants’ argument that the plaintiff held the subject premises in trust for Mohan is unpersuasive. In New York, a constructive trust is created when, during a transfer of property, (1) there is a confidential or fiduciary relationship, (2) there is a promise, (3) the transferor relies on that promise, and (4) unjust enrichment is the result of the transfer. (Matter of Noble, 31 AD3d 643, 645 [2d Dept 2006].) Here, there *404 is a factual question as to whether a promise occurred. Although Mohan claims that Parbatee promised to hold the property in trust for him, Parbatee directly opposes this assertion in her affidavit. Where there is a question of fact as to whether a promise existed, the question must be reserved for the trier of facts. (See CPLR 3212 [b].)
The defendants argue that Parbatee is entitled to no more than 50% of the subject premises, in the event that she is entitled to any portion of the property. Indeed, it is uncontested that Parbatee held, at most, only a 50% interest in the subject premises. Parbatee has issued no opposition to the defendants’ argument.
Thus, because no evidence has been presented that Parbatee possessed knowledge of facts sufficient to reasonably infer that fraud had occurred, this court has determined that the two-year time period stipulated in CPLR 213 (8) began running in 2008. Therefore, this action was brought within the statute of limitations and summary judgment is improper. Additionally, a question of fact exists as to whether a constructive trust was established.
Accordingly, the defendants’ motion for summary judgment is denied. Additionally, the defendants’ request to have Parbatee’s interest declared in trust for the benefit of Mohan is denied. There being no argument to the contrary, it is determined that Parbatee is entitled to no more than 50% of the subject premises, in the event that she is entitled to any portion of the property.

 The court will refer to the parties by their first names for the sake of clarity.