Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered October 25, 2012, which, upon granting plaintiffs motion to reargue, denied its motion to amend the complaint and add a new defendant, unanimously affirmed, with costs.
Under the circumstances, plaintiff’s motion to amend its complaint to assert fraud claims and add a defendant, made approximately three and one half months after depositions were taken, was not unduly delayed (see Kocourek v Booz Allen Hamilton Inc., 85 AD3d 502, 504 [1st Dept 2011]). Nonetheless, plaintiff failed to demonstrate that its proposed amendment is supported by a sufficient showing of merit (see MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]).
Contrary to plaintiffs contention, the doctrine of the law of the case does not apply to bar the denial of the motion for leave to amend based on a prior order denying defendant’s motion to dismiss the cause of action for breach of fiduciary duty pursuant to CPLR 3211 given the difference in procedural posture (see Bodtman v Living Manor Love, Inc., 105 AD3d 434 [1st Dept 2013]). Even if this principle applies, plaintiffs proposed fraud claims fail since plaintiff failed to plead a breach of duty distinct from, or in addition to, the breach of contract or failure to perform under the contract (see Non-Linear Trading Co. v Braddis Assoc., 243 AD2d 107, 116 [1st Dept 1998]). Plaintiff also failed to plead the elements of its proposed fraud counts with the particularity required by CPLR 3016 (b).
The proposed amended complaint alleges no acts or omissions by defendant’s chief executive officer that are independent of any acts he performed within the scope of his employment for defendant and the fact that he was paid commissions does not demonstrate that such remuneration was exclusive to him (see Henry v Allen, 151 NY 1, 11 [1896]; Ali v Pacheco, 19 AD3d 439, 440 [2d Dept 2005]; Lewiarz v Travco Ins. Co., 82 AD3d 1464, *504 1468 [3d Dept 2011]). Concur — Tom, J.P., Freedman, Friedman and Feinman, JJ.