13-1532-cv
Zhang v. Schlatter

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of January, two thousand fourteen.

PRESENT: REENA RAGGI,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

-----------------------------------------------------------------------
HAINING ZHANG and CHINA VENTURE PARTNERS, INC.,

*Plaintiffs-Appellants*,

v.                                                      No. 13-1532-cv

GARY H. SCHLATTER, ORALABS, INC., ROBERT C. GUST, MICHAEL I. FRIESS, ALLEN R. GOLDSTONE, CREATIVE BUSINESS STRATEGIES, INC., CHINA PRECISION STEEL, INC., BELMONT CAPITAL GROUP LIMITED, HENNY WEE & CO., SOON CHIANG HENNY WEE, KAM KAU EDDIE WONG, EDWON, INC., HUNG WAN, ADVANZ CAPITAL, INC., and ORALABS HOLDING CORP.,

*Defendants-Appellees*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANTS:     KEVIN K. TUNG, ESQ., Kevin Kervung Tung, P.C., Flushing, New York.

1

APPEARING FOR APPELLEES: ANTHONY L. LEFFERT, Robinson Waters & O'Dorisio, P.C., Denver, Colorado, *for Appellees Gary H. Schlatter, OraLabs, Inc., Robert C. Gust, Michael I. Friess, Allen R. Goldstone, and Creative Business Strategies, Inc.*

JOHN MICHAEL DEITCH, Coughlin Duffy LLP, Morristown, New Jersey, *for Appellees China Precision Steel, Inc. and OraLabs Holding Corp.*

MARY H. TOLBERT (Harry A. Woods, Jr., Bruce W. Day, and Tara A. LaClair, Crowe & Dunlevy, P.C., Oklahoma City, Oklahoma; Thomas J. Mullaney, Leventhal, Cursio, Mullaney & Sliney, LLP, Roslyn, New York, *on the brief*) Crowe & Dunlevy, P.C., Oklahoma City, Oklahoma, *for Appellees Belmont Capital Group Limited, Henny Wee & Co., Soon Chiang Henny Wee, Kam Kau Eddie Wong, Edwon, Inc., Hung Wan, and Advanz Capital, Inc.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 19, 2013, is AFFIRMED.

Plaintiffs Haining Zhang and China Venture Partners, Inc. ("CVP") appeal the dismissal of their Amended Complaint, challenging, among other things, the district court's determination that (1) their breach of contract and unjust enrichment claims are barred by the applicable statutes of limitations, (2) they failed adequately to plead a claim for fraud, and (3) their breach of contract claim against Belmont Capital Group Limited

2

("Belmont Capital") is subject to arbitration. "We review de novo the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." Askins v. Doe No. 1, 727 F.3d 248, 252–53 (2d Cir. 2013) (internal quotation marks omitted). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Claims Against OraLabs Defendants

     a.      Breach of Contract Claims

"Under New York law, a claim for breach of contract must be filed within six years of when the claim accrues." Muto v. CBS Corp., 668 F.3d 53, 57 (2d Cir. 2012) (citing N.Y. C.P.L.R. § 213(2)). "A cause of action for breach of contract ordinarily accrues and the limitations period begins to run upon breach." Guilbert v. Gardner, 480 F.3d 140, 149 (2d Cir. 2007). "The plaintiff need not be aware of the breach or wrong to start the period running." Id. "If, however, a contract requires continuing performance over a period of time, each successive breach may begin the statute of limitations running anew." Id. at 150.

Plaintiffs specifically allege that defendants OraLabs, Inc., Gary H. Schlatter, Robert C. Gust, Michael I. Friess, and Allen R. Goldstone (together, "OraLabs Defendants") breached the Non-Disclosure/Non-Circumvention Agreement at issue by meeting with representatives from Belmont Capital and Partner Success Holdings Limited

3

(later named China Precision Steel, Inc. ("CPSI")) between December 2005 and January 2006, a time frame more than six years before the March 2012 filing of the instant suit. See Am. Compl. ¶¶ 97–98, J.A. 150–52. This pleading belies the contention that the date of breach is "unclear" and requires discovery. Appellants' Br. 11.

Plaintiffs also argue that (1) obligations under the Non-Disclosure/ Non-Circumvention Agreement were ongoing, such that conduct in December 2005 was, at most, an anticipatory repudiation, and subsequent breaches after March 2006 re-started the limitations clock; and (2) the OraLabs Defendants should be equitably estopped from asserting a limitations defense (or the limitations period should be equitably tolled) because they concealed their breach.

Because plaintiffs failed to argue anticipatory repudiation in the district court, we deem the argument forfeited. See In re Flanagan, 503 F.3d 171, 182 (2d Cir. 2007) ("We generally will not consider arguments raised for the first time on appeal."). In any event, the argument fails because plaintiffs do not allege a breach by Goldstone—the only OraLabs Defendant who signed the Agreement—that occurred after OraLabs, Inc. and CPSI signed their letter of intent on January 9, 2006, that could re-trigger the statute of limitations. Indeed, plaintiffs cannot plausibly allege that Goldstone "re-disclosed" confidential information to Belmont Capital and CPSI or "re-circumvented" plaintiffs' role in the reverse merger after the essential terms of the transaction had been agreed upon.

Nor can plaintiffs benefit from equitable tolling or estoppel. Even assuming that

4

the OraLabs Defendants fraudulently concealed their breach in December 2005, plaintiffs unquestionably were aware of the breach in April 2006 when the transaction between OraLabs, Inc. and CPSI was publicly announced and filed with the Securities and Exchange Commission, which provided plaintiffs with sufficient time to investigate and timely file their claims for breach of contract by December 2011. See Putter v. N. Shore Univ. Hosp., 7 N.Y.3d 548, 553–554, 825 N.Y.S.2d 435, 438 (2006) (holding equitable estoppel "inappropriate as a matter of law" because defendant's alleged misstatement "did not alter [plaintiff's] timely awareness of the facts requiring him to make further inquiry before the statute of limitations expired"); Simcuski v. Saeli, 44 N.Y.2d 442, 449–50, 406 N.Y.S.2d 259 (1978) (holding that, where equitable estoppel applies, "burden is on the plaintiff to establish that the action was brought within a reasonable time after the facts giving rise to the estoppel have ceased to be operational"); Kotlyarsky v. N.Y. Post, 195 Misc. 2d 150, 154, 757 N.Y.S.2d 703, 707 (N.Y. Sup. Ct. 2003) ("A plaintiff seeking to invoke either the doctrines of equitable estoppel or equitable tolling is required to demonstrate that the failure to timely commence the lawsuit is not attributable to a lack of diligence on his or her part."). The district court thus correctly dismissed all breach of contract claims against the OraLabs Defendants.

b. Fraud Claims

Reasonable reliance on the part of the plaintiff is also an element of fraud under New York law. See Crigger v. Fahnestock & Co., 443 F.3d 230, 234 (2d Cir. 2006). For

5

reasons already discussed in rejecting plaintiffs' equitable arguments, plaintiffs cannot plausibly plead reasonable reliance on oral statements that OraLabs, Inc. did not intend to consummate a reverse merger with CPSI to state a claim for fraud. To the extent plaintiffs allege fraud based upon statements that the OraLabs Defendants would not disclose confidential and proprietary data provided by plaintiffs, would not circumvent plaintiffs, and would compensate plaintiffs for their efforts, the district court properly held that such claims were not sufficiently distinct from the defendants' contract obligations under the Non-Disclosure/Non-Circumvention Agreement to avoid dismissal. See A.L. Eastmond & Sons, Inc. v. Keevily, Spero-Whitelaw, Inc., 107 A.D.3d 503, 503, 968 N.Y.S.2d 436, 437 (1st Dep't 2013) ("[P]laintiff's proposed fraud claims fail since plaintiff failed to plead a breach of duty distinct from, or in addition to, the breach of contract or failure to perform under the contract.").

    c.    Unjust Enrichment Claim

"Under New York law, for a plaintiff to prevail on a claim of unjust enrichment, he must establish (1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the defendant should return the money or property to the plaintiff." Golden Pac. Bancorp v. F.D.I.C., 273 F.3d 509, 519 (2d Cir. 2001). Unjust enrichment claims are subject to a six-year statute of limitations, which "accrues 'upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting

6

the fraud are discovered.'" Cohen v. S.A.C. Trading Corp., 711 F.3d 353, 364 (2d Cir. 2013) (quoting Coombs v. Jervier, 74 A.D.3d 724, 724, 906 N.Y.S.2d 267, 268 (2d Dep't 2010)).

As discussed above, plaintiffs allege that the OraLabs Defendants wrongfully disclosed plaintiffs' proprietary information to CPSI and Belmont Capital and improperly circumvented plaintiffs' role in the reverse merger. In other words, the OraLabs Defendants allegedly committed the "wrongful act[s] giving rise to a duty of restitution" in December 2005 when they contacted Belmont Capital employees and CPSI. At the very latest, the OraLabs Defendants were unjustly enriched when plaintiffs' proprietary information resulted in the execution of the letter of intent between OraLabs, Inc. and CPSI on January 6, 2006. As this alleged misconduct occurred more than six years prior to the filing of the instant suit in March 2012, plaintiffs' unjust enrichment claim is time-barred.

2.     Claims Against the Belmont Defendants

Plaintiffs submit that the district court erred in dismissing CVP's contract claim against Belmont Capital as subject to the arbitration provision of the Investment Banking and Reverse Merger Cooperation Agreement ("Cooperation Agreement") because subsequent agreements between these parties, which are not the basis for CVP's breach of contract claim, fail to include an arbitration clause.[1]    The Federal Arbitration Act

---

[1] Plaintiffs do not sufficiently develop their challenges to the district court's conclusion that because only CVP and Belmont Capital executed the Cooperation Agreement, (1) Zhang cannot state a claim for breach of contract against Belmont Capital, Henny Wee

7

"establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." Preston v. Ferrer, 552 U.S. 346, 349 (2008). "[T]hough the presumption in favor of arbitration is strong, the law still requires that parties actually agree to arbitration before it will order them to arbitrate a dispute." Opals on Ice Lingerie v. Bodylines Inc., 320 F.3d 362, 369 (2d Cir. 2003).

CVP and Belmont Capital clearly agreed to arbitrate any disputes concerning the Cooperation Agreement, which requires that "[a]ny controversy, dispute or claim regarding the interpretation or performance of this Agreement shall be resolved by binding arbitration" in Hong Kong. Cooperation Agreement ¶ 10, J.A. 372. The subsequent agreements executed by these two entities do not address this arbitration clause, let alone alter its clear and broad mandate. Indeed, the Cooperation Agreement specifies that "[c]ontract addendums may alter details on individual deals but not the overall Agreement between the two parties." Id. ¶ 13, J.A. 372. Accordingly, like the district court, we conclude that CVP's breach of contract claim against Belmont Capital—the only potentially viable claim against any of the Belmont Defendants—is unambiguously subject to arbitration and, therefore, required no discovery to support dismissal. See Collins v.

---

& Co., Soon Chiang Henny Wee, Kam Kau Eddie Wong, Edwon, Inc., Hung Wan, and Advanz Capital, Inc. (together, "Belmont Defendants"); and (2) CVP cannot state a breach of contract claim against every Belmont Defendant apart from Belmont Capital. These claims are therefore deemed abandoned. See United States v. Botti, 711 F.3d 299, 313 (2d Cir. 2013) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)).

Harrison-Bode, 303 F.3d 429, 433 (2d Cir. 2002) ("Under New York law, the question of ambiguity vel non must be determined from the face of the agreement, without reference to extrinsic evidence." (footnote omitted)).

3.    Claims Against CPSI and OraLabs Holding Corp.

Because plaintiffs have failed meaningfully to challenge the dismissal of their claims against CPSI and OraLabs Holding Corp., we deem these claims abandoned.  See United States v. Botti, 711 F.3d 299, 313 (2d Cir. 2013).   In any event, for reasons already discussed with respect to the OraLabs Defendants, plaintiffs' contract claims against OraLabs Holding Corp. and CPSI are time-barred.   Further, all allegations of fraud in the Amended Complaint refer only to statements of the OraLabs Defendants and, thus, are not attributed with the requisite particularity to CPSI or OraLabs Holding Corp.   See Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 197 (2d Cir. 2013) (reiterating that particularity requirement of Fed. R. Civ. P. 9(b) requires plaintiff (1) to specify fraudulent statements, (2) to identify the speaker, (3) to state where and when statements were made, and (4) to explain why statements were fraudulent).

4.    Claims Against Creative Business Strategies, Inc.

In opposing defendants' motion to dismiss, plaintiffs voluntarily withdrew their claims against Creative Business Strategies, Inc. ("CBSI"), "reserving the right to seek leave to add CBSI as a defendant should discovery reveal a basis to assert valid causes of action against CBSI."   Pls.' Mot. to Dismiss Opp'n 6 n.5, J.A. 471.   On appeal, the

9

OraLabs Defendants request that the court "dismiss <u>with prejudice</u> any and all remaining claims against CBSI . . . because Plaintiffs have abandoned all claims against CBSI and have failed to allege or state any cause of action against CBSI." OraLabs Defendants' Br. 1 n.1 (emphasis in original). Because the OraLabs Defendants failed to request this relief in the district court, <u>see</u> <u>Zhang v. Schlatter</u>, No. 12-CV-1793 (ALC) (GWG), 2013 U.S. Dist. LEXIS 138968, at *5 (S.D.N.Y. Mar. 13, 2013) (stating only that "Plaintiffs' Opposition dismissed CBSI without prejudice"), we decline to award it on appeal but without prejudice to CBSI making a proper application in the district court. <u>See</u> <u>In re Flanagan</u>, 503 F.3d at 182.

We have considered plaintiffs' remaining arguments and conclude that they too are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

10