In an action to recover damages for fraud, unjust enrichment, and a violation of General Business Law § 349, the plaintiff appeals from an order of the Supreme Court, Queens County (Elliot, J), entered April 3, 2014, which granted the defendant’s motion pursuant to CPLR 3211 (a) to dismiss the complaint.
Ordered that the order is affirmed, with costs.
In February 2007, the plaintiff obtained two mortgage loans from Country Home Loans, Inc (hereinafter Country Home). According to the complaint, in obtaining the loans, the plaintiff provided “detailed financial information” to Country Home. In January 2008, the plaintiff was informed that the defendant had acquired Country Home and that it became the mortgagee for both mortgages. The plaintiff alleged that she made all monthly mortgage payments from 2007 through 2013.
In an affidavit, the plaintiff stated that, in 2013, she applied to the defendant to refinance the loans. Upon denying the plaintiff’s application, the defendant allegedly informed the plaintiff that her income was not sufficient, and that the documents she submitted in support of her application to refinance the loans showed that she was earning less than she did when she first applied for the loans in 2007. The plaintiff further stated that in October 2013, the defendant provided her with documentation, including a copy of a loan application from 2007. The plaintiff alleged that the loan application from 2007 falsified the name of an employer, inflated the amount of her income, and contained a forgery of her signature.
The plaintiff commenced this action in December 2013, alleging fraud, unjust enrichment, and a violation of General Business Law § 349. Thereafter, the defendant moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that it was time-barred. The Supreme Court granted the motion, and the plaintiff appeals.
“On a motion to dismiss a complaint pursuant to CPLR 3211 *1017 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable” (Baptiste v Harding-Marin, 88 AD3d 752, 753 [2011]; see Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO, 91 AD3d 768, 768-769 [2012]).
A cause of action alleging fraud must be commenced within six years of the fraud or within two years from the time the plaintiff discovered the fraud or could with reasonable diligence have discovered it (see CPLR 213 [8]; Sargiss v Magarelli, 12 NY3d 527, 532 [2009]). A plaintiff will be held to have discovered the fraud when it is established that he or she was “possessed of knowledge of facts from which [the fraud] could be reasonably inferred” (Gorelick v Vorhand, 83 AD3d 893, 894 [2011] [internal quotation marks omitted]). “The two-year period begins to run when the circumstances reasonably would suggest to the plaintiff that he or she may have been defrauded, so as to trigger a duty to inquire on his or her part” (Pericon v Ruck, 56 AD3d 635, 636 [2008]). The statute of limitations for a cause of action alleging fraud applies to a cause of action alleging forgery (see Faison v Lewis, 106 AD3d 1047, 1048 [2013]).
The plaintiff contends that the cause of action alleging fraud was not time-barred because she did not discover the allegedly fraudulent loan application until October 2013. However, the plaintiff’s own allegations establish that, in February 2007, she had knowledge of facts, including the amount of the monthly obligation and her own ability to afford the payment, from which any fraud in the loan application could reasonably have been inferred (see1 Gorelick v Vorhand, 83 AD3d at 894), or could have been discovered with reasonable diligence (see House of Spices [India], Inc. v SMJ Servs., Inc., 103 AD3d 848, 849 [2013]). Since this action was not commenced until December 2013, the Supreme Court properly determined that the cause of action alleging fraud was time-barred.
The cause of action alleging unjust enrichment is governed by the six-year statute of limitations of CPLR 213 (1), which began to run in February 2007, upon the occurrence of the alleged wrongful act giving rise to the duty of restitution (see Ingrami v Rovner, 45 AD3d 806, 808 [2007]; Congregation Yetev Lev D’Satmar v 26 Adar N.B. Corp., 192 AD2d 501, 503 [1993]). Since this action was not commenced until December 2013, the cause of action alleging unjust enrichment was time-barred.
*1018 The cause of action alleging a violation of General Business Law § 349, which is governed by a three-year statute of limitations (see CPLR 214 [2]; Corsello v Verizon N.Y., Inc., 18 NY3d 777, 778 [2012]; Gaidon v Guardian Life Ins. Co. of Am., 96 NY2d 201, 208 [2001]), was also time-barred, as the plaintiffs alleged injury occurred in February 2007, and she did not commence this action until December 2013. Eng, P.J., Austin, Cohen and Barros, JJ., concur.