[909 NE2d 573, 881 NYS2d 651]

FRIEDA SARGISS, Appellant, v MARLENE MAGARELLI, as Executor of ISAAC G. SARGISS, Also Known as ISAAC GEORGE SARKISS-IAN, Deceased, et al., Respondents, et al., Defendants.

Argued May 5, 2009; decided June 4, 2009

**POINTS OF COUNSEL**

*Brett Kimmel, P.C.,* New York City (*Myrna Felder* of counsel), for appellant. I. The complaint pleaded the fraud with the required specificity. (*Kaufman v Kaufman,* 135 AD2d 786; *Fine v Fine,* 12 AD3d 399; *Cruciata v Cruciata,* 10 AD3d 349; *Kojovic v Goldman,* 35 AD3d 65; *DiSalvo v Graff,* 227 AD2d 298.) II. The action should not have been time-barred. (*Abbate v Abbate,* 82 AD2d 368; *Fine v Fine,* 12 AD3d 399; *Kaufman v Kaufman,* 135 AD2d 786; *Chapin v Chapin,* 12 AD3d 550.)

*Bleakley Platt & Schmidt, LLP,* White Plains (*William Hughes Mulligan, Jr.,* of counsel), for Marlene Magarelli, respondent. I. The complaint fails to state a cause of action for fraud with the required specificity. (*Martin v City of Cohoes,* 37 NY2d 162; *Jiggetts v Dowling,* 3 AD3d 326; *County of Suffolk v Stone & Webster Eng'g Corp.,* 106 F3d 1112; *Penna v Caratozzolo,* 131 AD2d 738; *Gervasio v Di Napoli,* 126 AD2d 514.) II. Plaintiff's first cause of action against all defendants was properly dismissed as barred by the statute of limitations. (*Abbate v Abbate,* 82 AD2d 368; *Fine v Fine,* 12 AD3d 399; *Kaufman v Kaufman,* 135 AD2d 786; *Chapin v Chapin,* 12 AD3d 550.)

*Walter L. Rich,* White Plains, and *Joseph S. Garafola* for Julius Sargiss and others, respondents. I. The complaint fails to state a cause of action for fraud against Marlene Magarelli, Julius Sargiss, Alice Sargiss and Panrad Automotive Industries, Inc. (*Lama Holding Co. v Smith Barney,* 88 NY2d 413; *Ward v City of New York,* 15 AD3d 392; *511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144; *Parker v Leonard,* 24 AD3d 1255; *Gibraltar Steel Corp. v Gibraltar Metal Processing,* 19 AD3d 1141; *Riverbank Realty Co. v Koffman,* 179 AD2d 542; *Del Vecchio v Nassau County,* 118 AD2d 615; *Bereswill v Yablon,* 6 NY2d 301; *Satin v Satin,* 69 AD2d 792; *Factory Point Natl. Bank v Wooden Indian,* 198 AD2d 563.) II. Plaintiff's claim is time-barred. (*Kaufman v Cohen,* 307 AD2d 113; *Kaye v Kaye,* 102 AD2d 682; *Pechman v Pechman,* 303 AD2d 479; *Garguilio v Garguilio,* 201 AD2d 617; *Siler v Lutheran Social Servs. of Metro. N.Y.,* 10 AD3d 646; *Von Blomberg v Garis,* 44 AD3d 1033.)

**OPINION OF THE COURT**

Chief Judge LIPPMAN.

In July 1996, in connection with divorce proceedings prior to this action in which both parties were represented by counsel, the decedent husband, Isaac G. Sargiss, provided his wife, Frieda Sargiss, with a statement of net worth. The statement listed "PANRAD" as an asset, but the statement did not assign any value to that asset, leaving the space provided for that information blank. Panrad Automotive Industries, Inc. (Panrad) is a private corporation that owns two shopping centers. At one time shares in Panrad were owned by the decedent, defendant Julius Sargiss (decedent's brother), and a third person. When and whether decedent's ownership interest in Panrad ended before his death lies at the root of plaintiff's action.

When asked at his deposition in January 1998 whether he, at that time, owned shares in Panrad, the decedent testified that

he did not because he had sold his shares in Panrad to his brother Julius for $250,000. Decedent testified that Julius paid him the $250,000 plus interest in 1993 pursuant to an agreement the brothers had entered into in 1990. Plaintiff and decedent ultimately reached a stipulation as to how to divide their assets in the divorce proceeding, and they were divorced in the spring of 1998. Decedent moved to California and had no further contact with plaintiff after the divorce.

Isaac G. Sargiss died on March 25, 2004. Shortly thereafter, decedent's daughter discovered certain financial documents in his California home which suggested that decedent may not have sold his interest in Panrad to Julius, may have misrepresented his assets in his July 1996 statement of net worth, and may have testified falsely at his January 1998 deposition. Plaintiff commenced this fraud action in May 2005, more than six years after the fraud was allegedly perpetrated but less than two years from the discovery of the financial documents in decedent's California home.

Plaintiff's complaint alleges, among other things, that she relied on decedent's representations during the divorce proceedings as to his net worth, that she was justified in relying on those representations, that documents discovered after decedent's death show that decedent misrepresented his net worth in the divorce proceedings, that Julius, his wife Alice, and Panrad aided in the fraudulent misrepresentations, and that plaintiff would not have agreed to the 1998 stipulation if she had known the truth regarding decedent's assets. The executor of decedent's estate, Julius Sargiss, Alice Sargiss, and Panrad moved to dismiss the complaint pursuant to CPLR 3211 on grounds that the complaint did not plead fraud with sufficient specificity as required by CPLR 3016 (b) and that the action was untimely.

When a plaintiff brings a cause of action based upon fraud, "the circumstances constituting the wrong shall be stated in detail" (CPLR 3016 [b]). "The purpose of section 3016 (b)'s pleading requirement is to inform a defendant with respect to the incidents complained of," thus, "[w]e have cautioned that section 3016 (b) should not be so strictly interpreted as to prevent an otherwise valid cause of action in situations where it may be impossible to state in detail the circumstances constituting a fraud" (*Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 491 [2008] [internal quotation marks and citation omitted]). What is "[c]ritical to a fraud claim is that a complaint

allege the basic facts to establish the elements of the cause of action," and although under CPLR 3016 (b) "the complaint must sufficiently detail the allegedly fraudulent conduct, that requirement should not be confused with unassailable proof of fraud" (*id.* at 492). "Necessarily, then, section 3016 (b) may be met when the facts are sufficient to permit a reasonable inference of the alleged conduct" (*id.*). On a CPLR 3211 motion to dismiss, a court may consider affidavits to remedy pleading problems (*Leon v Martinez*, 84 NY2d 83, 88 [1994]).

In connection with the motion to dismiss, the parties submitted affidavits attaching relevant documents, including certain of the financial documents found after decedent's death. These indicate, among other things, that after decedent testified he had sold his shares to his brother Julius, he received a salary of $100,000 from Panrad and debited more than $700,000 from Panrad's account. Moreover, decedent never negotiated the check given him in satisfaction of the interest to which he was purportedly entitled under the brothers' agreement. Plaintiff has also submitted documents that seem to show that decedent was understood to have a half interest in Panrad's cash in 1999, and that Julius asked decedent to reimburse him for half of a 1998 tax liability (thus indicating that Julius was claiming for tax purposes income that in fact belonged to decedent). To be sure, defendants submitted evidence in the form of affidavits and documents to rebut plaintiff's assertions, but these merely raise factual issues not properly decided on a motion to dismiss.

■ The complaint and the accompanying affidavits are sufficient to withstand scrutiny under CPLR 3016 (b) insofar as they allege fraud as against decedent's estate, Julius Sargiss, and Panrad. Although plaintiff's "allegations of fraud were not directly lodged against" Julius Sargiss and Panrad in the complaint in the same detail as they were against the decedent, "the indirect circumstantial inference" of Julius's fraudulent conduct and his "direct naming . . . with regard to the same conduct alleged, under the circumstances," is sufficient (*Pludeman*, 10 NY3d at 492 n 3). If there was a fraudulent scheme, Julius's knowledge of it and participation in it are clear because it would have been impossible for decedent to carry out the fraudulent scheme as alleged without Julius knowing of the scheme and participating in it. Plaintiff's allegations as to Panrad are also sufficient to survive the motion to dismiss given Panrad's involvement in allegedly improper payouts to decedent based on an alleged continued ownership interest in the

corporation, not to mention that Julius, an indispensable participant in the scheme as alleged, controls Panrad.

There is, however, nothing asserted in the complaint or in the parties' submissions on the motion to dismiss that implicates Alice Sargiss in the alleged fraud, and, accordingly, the complaint was properly dismissed as against her.

With respect to the timeliness of plaintiff's action, a fraud-based action must be commenced within six years of the fraud or within two years from the time the plaintiff discovered the fraud or "could with reasonable diligence have discovered it" (CPLR 213 [8]; *see* CPLR 203 [g]). The inquiry as to whether a plaintiff could, with reasonable diligence, have discovered the fraud turns on whether the plaintiff was "possessed of knowledge of facts from which [the fraud] could be reasonably inferred" (*Erbe v Lincoln Rochester Trust Co.*, 3 NY2d 321, 326 [1957]). "Generally, knowledge of the fraudulent act is required and mere suspicion will not constitute a sufficient substitute" (*id.*). "Where it does not conclusively appear that a plaintiff had knowledge of facts from which the fraud could reasonably be inferred, a complaint should not be dismissed on motion and the question should be left to the trier of the facts" (*Trepuk v Frank*, 44 NY2d 723, 725 [1978]; *see Erbe*, 3 NY2d at 326). There is no indication that plaintiff had knowledge of the alleged fraud prior to her daughter's discovery of certain financial documents in decedent's California home after his death, and there is no dispute that plaintiff commenced this action within two years of this discovery. Moreover, on the record before us, it is unclear how plaintiff could have discovered the alleged fraud earlier than she did.

Accordingly, the order of the Appellate Division should be modified, without costs, by remitting to Supreme Court for further proceedings in accordance with this opinion, and, as so modified, affirmed.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order modified, etc.