10-3199-cv
Weisshaus v. State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> LEWIS A. KAPLAN,
> > *District Judge.*[*]

---

GIZELLA WEISSHAUS,

> *Plaintiff - Counterclaim-Defendant - Appellant*,

> v.                                                      10-3199-cv

EDWARD D. FAGAN,

> *Defendant - Counter-Claimant - Appellee*,

STATE OF NEW YORK, OFFICE OF COURT ADMINISTRATION OF THE UNIFIED COURT SYSTEM, JUDITH N. STEIN, in her official and individual capacity, THOMAS J. CAHILL, in his official and individual capacity, HAL R. LIEBERMAN, in his official and individual capacity, JOHN DOES, 1-20, JANE DOES, 1-20, ALAN W. FRIEDBERG, in his

---

[*]Judge Lewis A. Kaplan, United States District Court for the Southern District of New York, sitting by designation.

official and individual capacity, MEL URBACH, SAUL E. FEDER,

*Defendants - Appellees.*
_____

FOR APPELLANT:      Gizella Weisshaus, *pro se*, Brooklyn, NY.

FOR APPELLEES:      Barbara D. Underwood, Solicitor General; Michael S. Belohavek, Senior Counsel to the Solicitor General; and Laura R. Johnson, Assistant Solicitor General, on behalf of Eric T. Schneiderman, Attorney General of the State of New York, for the State of New York, the New York State Office of Court Administration of the Unified Court System, Judith N. Stein, Thomas J. Cahill, Hal R. Lieberman, and Alan W. Friedberg.

Thomas A. Leghorn, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY, for Saul E. Feder.

Jonathan R. Harwood, Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY, for Mel Urbach.

Edward D. Fagan, *pro se*, Springfield, NJ.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Gizella Weisshaus, proceeding *pro se*, appeals from the district court's judgment dismissing her action against her former (and now disbarred) attorney, Edward D. Fagan, as well as several other defendants, in which she principally accused Fagan of various wrongdoing during the course of their attorney-client relationship, and asserted civil rights claims against all defendants relating to the alleged "whitewashing" of ethics complaints she had filed against Fagan with a state disciplinary authority. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I. Recusal Decision

Weisshaus first challenges the district court's denial of her recusal motion. "Recusal motions are committed to the sound discretion of the district court, and [we] will reverse a decision denying such a motion only for abuse of discretion." *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007) (per curiam). The timeliness of a recusal motion is a "serious threshold question," and it is "well-settled that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987). In considering the question of timeliness, "[a] number of factors must be examined, including whether: (1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for delay." *Id.* at 334 (internal citations omitted).

In this case, Weisshaus's recusal motion was untimely for the reasons articulated by the district court in its thorough and well-reasoned decision. *See Weisshaus v. New York*, No. 08 Civ. 4053(DLC), 2009 WL 4823932 (S.D.N.Y. Dec. 15, 2009). Briefly stated, Weisshaus waited almost nineteen months after filing her complaint to file the recusal motion, at which point the district court had already expended substantial judicial resources overseeing and adjudicating Weisshaus's claims. Moreover, Weisshaus's contention that she had good cause to delay until the other defendants were dismissed from the action is entirely unfounded, as Weisshaus herself concedes that Fagan is "the primary defendant" in this matter and that all facts concerning the district judge's involvement in prior actions involving Fagan and Weisshaus were already known. Although there was no dispositive ruling as to

3

Fagan at the time Weisshaus brought her recusal motion, the district court aptly noted that the motion came on the heels of its direction that Weisshaus submit to a deposition, thus strongly suggesting that the motion was a mere fall-back position in response to an adverse ruling. *See In re Int'l Bus. Machs. Corp.*, 45 F.3d 641, 643 (2d Cir. 1995) ("[A] prompt application avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters."). The district court, therefore, acted well within its discretion in finding Weisshaus's recusal motion untimely.

Even if the motion had been timely, however, it was wholly without merit for the reasons explained by the district court. Indeed, Weisshaus appears to have abandoned almost all of the arguments she asserted below, contending on appeal only that the district court could not impartially consider Weisshaus's claim that Fagan breached his fiduciary duty by failing to appeal a ruling issued by the district court in an earlier case. This argument is entirely unavailing. Whether Fagan breached his fiduciary by allegedly ignoring his client's request to file an appeal, *see* Pl.'s Br. 11, is an issue divorced from the merits of the underlying case. Moreover, recusal pursuant to 28 U.S.C. § 455(a) is generally limited to those circumstances in which the alleged partiality "stems from an extrajudicial source." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (internal quotation marks and brackets omitted). Accordingly, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v.*

4

*United States*, 510 U.S. 540, 555 (1994).  Because Weisshaus does not and cannot argue that the district court's opinion displayed even a hint of partiality, let alone a "deep-seated favoritism or antagonism," her challenge to the district court's denial of her recusal motion must be dismissed.

## II.    Claims Against Fagan

Weisshaus also seeks reversal of the district court's July 15, 2010 Opinion and Order granting Fagan's motion for summary judgment and dismissing Weisshaus's claims with prejudice.[2]  Following our *de novo* review of the record, *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003), we affirm the judgment of the District Court for substantially the same reasons stated in its careful and comprehensive opinion.  *See Weisshaus v. Fagan*, 08 Civ. 4053 (DLC), 2010 WL 2813490 (S.D.N.Y. July 15, 2010).

Again, briefly stated, the district court properly concluded that Weisshaus's claims for breach of contract and fiduciary duty against Fagan were time-barred.  Weisshaus's assertion on appeal that the applicable statute of limitations for her claims was tolled by her filing of a RICO action against Fagan in 1999 is entirely without merit.  Although the filing of a complaint marks the interposition of a claim for statute-of-limitation purposes (and thus tolls the limitations period), *see* N.Y. C.P.L.R. § 203(c); *MacLeod v. Cnty. of Nassau*, 75 A.D.3d 57, 64 (2d Dep't 2010) (collecting cases), this provision does not support

---

[2] In her appellate brief, Weisshaus raised no arguments concerning the district court's dismissal of her claims against the other defendants, or her 42 U.S.C. §§ 1983 and 1985 claims against Fagan.  Consequently, she has waived any arguments concerning these claims by purporting to raise them for the first time in her reply brief.  *See* Fed. R. App. P. 28(a)(9); *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995).

Weisshaus's novel argument that the filing of a complaint in a previous, unrelated RICO lawsuit against a defendant tolled the limitations period for state-law claims raised in a subsequent lawsuit against the same defendant.

Weisshaus alternatively asserts that her case is timely under New York's two-year discovery rule for claims based on fraud because, while she "had suspicion that Fagan was perpetrating a fraud, . . . that is all she had until the conclusive findings of the New Jersey Office of Attorney Ethics [(NJ OAE)] in January of 2008." Pl.'s Br. 14. This argument is also without merit. "[A] fraud-based action must be commenced within six years of the fraud or within two years from the time the plaintiff discovered the fraud or 'could with reasonable diligence have discovered it.'" *Sargiss v. Magarelli*, 12 N.Y.3d 527, 532 (2009) (quoting N.Y. C.P.L.R. § 213(8)). "The inquiry as to whether a plaintiff could, with reasonable diligence, have discovered the fraud turns on whether the plaintiff was possessed of knowledge of facts from which the fraud could be reasonably inferred. Generally, knowledge of the fraudulent act is required and mere suspicion will not constitute a sufficient substitute." *Id.* (internal quotation marks, citations, and brackets omitted).

The district court correctly determined that Weisshaus possessed sufficient knowledge from which Fagan's fraudulent conduct could have been inferred as early as 1998, and certainly no later than 2005. For example, it is undisputed that in 1998 Weisshaus was fully aware that Fagan had failed to turn over a portion of the escrow money despite a court order directing him to do so and had allegedly forged a document bearing her signature which gave him permission to invest the money. To claim now that she was previously unaware of facts concerning Fagan's fraudulent conduct relating to the escrow account defies

6

credulity.  Consequently, as she did not commence the present action until April 2008, the district court correctly ruled that her breach of fiduciary duty claim was time-barred even under New York's discovery rule for claims based on fraud.

We have considered Weisshaus's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
