In an action, inter alia, to recover damages for fraud, the defendants Frederick C. Meyer, Frederick C. Meyer III, and Clair Morgan Meyer appeal from an order of the Supreme Court, Suffolk County (Mayer, J.), dated April 25, 2011, which denied that branch of their motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.
Ordered that the order is affirmed, with costs.
The plaintiff and the defendant Frederick C. Meyer (hereinafter Meyer) were formerly husband and wife. The defendants Frederick C. Meyer III and Clair Morgan Meyer (hereinafter the Meyer children) are their children. In or around February 1989, certain real property in Hampton Bays (hereinafter the subject property) was conveyed to the plaintiff and Meyer, as husband and wife. In or around June 1989, they conveyed the subject property to the plaintiff alone. In 2000, the plaintiff moved out of the marital residence located at the subject property. Meyer continued to reside there with the Meyer children and paid all the taxes and carrying charges on the subject property. In a deed dated April 27, 2004, and recorded in the Suffolk County Clerk’s Office on May 7, 2004 (hereinafter the deed), the plaintiff purportedly conveyed the subject property to Meyer’s *828 sister, Virginia B. Taylor, as Custodian under the Uniform Gifts to Minors Act for the benefit of the Meyer children. The deed appears to contain the plaintiff’s signature, acknowledged by Meyer, who was an attorney and a notary public.
On June 4, 2010, the plaintiff commenced this action against Meyer, the Meyer children, and Taylor alleging, among other things, that the deed was fraudulent and that her purported signature on the deed was a forgery. Thereafter, the defendants, inter alia, moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred pursuant to the six-year statute of limitations contained in CPLR 213 (8). They argued that since the deed was recorded on May 7, 2004, and the action was commenced more than six years later on June 4, 2010, the action was untimely. In opposition, the plaintiff argued that the action was timely commenced on June 4, 2010, because she did not discover the alleged fraud until February 2010 when her son advised her that she no longer owned the subject property. The Supreme Court denied that branch of the defendants’ motion which was to dismiss the complaint as time-barred. Meyer and the Meyer children (hereinafter collectively the appellants) appeal, and we affirm.
“ ‘On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable’ ” (Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO, 91 AD3d 768, 768-769 [2012], quoting Baptiste v Harding-Marin, 88 AD3d 752, 753 [2011]).
“[A] fraud-based action must be commenced within six years of the fraud or within two years from the time the plaintiff discovered the fraud or ‘could with reasonable diligence have discovered it,’ ” whichever is later (Sargiss v Magarelli, 12 NY3d 527, 532 [2009], quoting CPLR 213 [8]). Whether or not a plaintiff should have discovered an alleged fraud is an objective test (see Gorelick v Vorhand, 83 AD3d 893, 894 [2011]). Thus, “ ‘plaintiffs will be held to have discovered the fraud when it is established that they were possessed of knowledge of facts from which [the fraud] could be reasonably inferred’ ” (id. at 894, quoting Erbe v Lincoln Rochester Trust Co., 3 NY2d 321, 326 [1957]). Ordinarily, an inquiry into when a plaintiff should have discovered an alleged fraud presents a mixed question of law and fact (see Trepuk v Frank, 44 NY2d 723, 724-725 [1978]; Gorelick v Vorhand, 83 AD3d at 894).
*829 Here, contrary to the appellants’ contention, they failed to establish that the action was time-barred pursuant to CPLR 213 (8). The plaintiff alleged that she timely commenced the action within two years of her alleged discovery of the fraud. The appellants did not make a prima facie showing that the fraud could have been discovered earlier with reasonable diligence (see Sargiss v Magarelli, 12 NY3d at 532; JP Morgan Chase Bank, N.A. v Kalpakis, 91 AD3d 722, 723 [2012]). Accordingly, the Supreme Court properly denied that branch of the defendants’ motion which was to dismiss the complaint as time-barred.
The appellants’ remaining contentions either are without merit, are improperly before this Court on appeal, or have been rendered academic by our determination. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.