In an action, inter alia, to recover damages for fraud and for violations of the Federal Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 et seq.), the defendant SMJ Services, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered March 9, 2011, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (5) and (7) to dismiss the first and third causes of action insofar as asserted against it.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant SMJ Services, Inc., which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, House of Spices, Inc., an importer of South Asian food products, employed the defendant Atul Puri as an accountant. The plaintiff alleged that Puri and the defendant Davinder Singh formed a conspiracy to embezzle money from it by issuing checks drawn on the plaintiffs account and cashed at the defendant Triboro Check Cashing Corp. (hereinafter Triboro), and then subsequently at the defendant SMJ Services, Inc. (hereinafter SMJ), after SMJ purchased the check-cashing business from Triboro. The scheme allegedly was discovered by the plaintiffs president in August 2009, by which time, it was alleged, the sum of $868,480.75 had been taken. As relevant to this appeal, the plaintiff alleged, inter alia, that SMJ had knowledge of the conspiracy to commit fraud against the plaintiff and, in furtherance of the conspiracy, failed to record the name and address of the person or persons cashing the checks drawn on the plaintiffs account.
The Supreme Court properly denied those branches of SMJ’s motion which were pursuant to CPLR 3211 (a) (5) to dismiss the first cause of action, alleging fraud, and the third cause of action, alleging violations of section 1962 (c) and (d) of the Federal Racketeer Influenced and Corrupt Organizations Act (18 USC § 1962 [c], [d] [hereinafter RICO]), insofar as asserted *849 against it. On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) upon the ground that it is time-barred, the defendant bears the initial burden of establishing, prima facie, that the time in which to sue had expired (see Cottone v Selective Surfaces, Inc., 68 AD3d 1038, 1040 [2009]). In this regard, the facts as alleged in the complaint must be construed in the light most favorable to the plaintiff (see id. at 1041).
Here, the plaintiff alleged that the statute of limitations with regard to the fraud and the RICO causes of action against SMJ accrued, at the earliest, on April 19, 2004, when SMJ purchased the check-cashing business from Triboro, or at the latest, in August 2009, when the plaintiff actually discovered the fraud and the actions underlying the RICO allegations.
A fraud cause of action must be interposed within the greater of six years from the date the cause of action accrued, i.e., when the plaintiff was damaged by the alleged misconduct, or two years from the time the plaintiff discovered, or with reasonable diligence could have discovered, the fraud (see CPLR 213 [8]; Sargiss v Magarelli, 12 NY3d 527, 532 [2009]; Shalik v Hewlett Assoc., L.P., 93 AD3d 777, 778 [2012]; Sandpebble Bldrs., Inc. v Mansir, 90 AD3d 888, 889 [2011]). Here, because the action was commenced against SMJ on December 16, 2009, the fraud cause of action was timely interposed. Furthermore, to the extent that SMJ contends that the Supreme Court should have held the plaintiff to some earlier, though unidentified, date, upon which the plaintiff should be found to have possessed knowledge of the facts on which the fraud could have reasonably been inferred, we reject this contention. An inquiry into when a plaintiff “should have discovered” an alleged fraud presents a mixed question of law and fact (see Trepuk v Frank, 44 NY2d 723, 724-725 [1978]; Vilsack v Meyer, 96 AD3d 827 [2012]). However, once a plaintiff demonstrates that an action is timely, as the plaintiff has done here, it is the defendant’s burden to demonstrate, prima facie, that the fraud could have been discovered earlier with reasonable diligence (see Sargiss v Magarelli, 12 NY3d at 532; Vilsack v Meyer, 96 AD3d 827, 829 [2012]). Here, SMJ did not establish, as a matter of law, by its conclusory assertions, that the fraud could have been discovered by the plaintiff earlier (see Vilsack v Meyer, 96 AD3d 827 [2012]; JP Morgan Chase Bank, N.A. v Kalpakis, 91 AD3d 722, 723 [2012]).
The statute of limitations for civil RICO claims is four years (see Agency Holding Corp. v Malley-Duff & Associates, Inc., 483 US 143, 156 [1987]; Rotella v Wood, 528 US 549, 552 [2000]; Dempster v Liotti, 86 AD3d 169, 178 [2011]). A RICO claim is deemed to have accrued when the plaintiff “knew or should *850 have known of his or her injury, regardless of when he or she discovered the underlying fraud” (Dempster v Liotti, 86 AD3d at 178). Here, since the plaintiff asserted its RICO claim within four years after discovering its injury, it was timely. Accordingly, the Supreme Court properly denied that branch of SMJ’s motion which was to dismiss the first and third causes of action insofar as asserted against it as time-barred.
“When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action” (Sokol v Leader, 74 AD3d 1180, 1180-1181 [2010]). In determining such a motion, the court must “accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
“The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages” (Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898 [2010]; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). All of the elements of a fraud claim “must be supported by factual allegations containing the details constituting the wrong” in order to satisfy the pleading requirements of CPLR 3016 (b) (Cohen v Houseconnect Realty Corp., 289 AD2d 277, 278 [2001]; see 68 Burns New Holding, Inc. v Burns St. Owners Corp., 18 AD3d 857 [2005]). The purpose of this pleading requirement “is to inform a defendant of the complained-of incidents” (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559). Nonetheless it may be “almost impossible to state in detail the circumstances constituting a fraud where those circumstances are peculiarly within the knowledge of [an adverse] party” (Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d 187, 194 [1968]). “Under such circumstances, the heightened pleading requirements of CPLR 3016 (b) may be met when the material facts alleged in the complaint, in light of the surrounding circumstances, ‘are sufficient to permit a reasonable inference of the alleged conduct’ including the adverse party’s knowledge of, or participation in, the fraudulent scheme” (High Tides, LLC v DeMichele, 88 AD3d 954, 957 [2011], quoting Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492 [2008]). Here, the second amended complaint contains sufficient allegations of fact from which it *851 can be inferred that SMJ agreed to cooperate in a fraudulent scheme to embezzle funds from the plaintiff. The allegation that SMJ conspired with the other defendants gives rise to a reasonable inference that SMJ was aware of a fraud and intended to aid in the commission of the fraud (see generally First Keystone Consultants, Inc. v DDR Constr. Servs., 74 AD3d 1135 [2010]; Murray Hill Inv. v Adas Yereim, Inc., 233 AD2d 305, 306 [1996]). Accordingly, the Supreme Court properly denied that branch of SMJ’s motion which was to dismiss the first cause of action insofar as asserted against it for failure to state a cause of action.
As to the third cause of action, asserting violations of the RICO Act, the complaint fails to state a cause of action. “Because the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement” (Hecht v Commerce Clearing House, Inc., 897 F2d 21, 25 [2d Cir 1990]). Here, there is no such allegation of a conscious agreement. Accordingly the Supreme Court should have granted that branch of SMJ’s motion which was to dismiss the third cause of action insofar as asserted against it for failure to state a cause of action.
The plaintiffs argument on appeal regarding an application for leave to amend the third cause of action is not properly before this Court. Balkin, J.P., Roman, Sgroi and Cohen, JJ., concur. [Prior Case History: 2011 NY Slip Op 31072(U).]