# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**138**

**CA 12-01116**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

LLORD BYRON BROOKS, III, FRANK FLAY,
RICHARD S. LAING, JR. AND FRANK WICKINS,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

AXA ADVISORS, LLC AND RICHARD JEFFREY JEROME,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

THE PEARL LAW FIRM, P.A., PITTSFORD (JASON J. KANE OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

WINGET, SPADAFORA & SCHWARTZBERG, LLP, NEW YORK CITY (STEVEN E. MELLEN
OF COUNSEL), AND HODGSON RUSS LLP, BUFFALO, FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), dated December 6, 2011. The order denied that part of plaintiffs' motion seeking leave to renew, granted that part of plaintiffs' motion seeking leave to reargue, and upon reargument, adhered to the court's prior determination.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendants in its entirety and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiffs, former employees of Niagara Mohawk Power Corporation, commenced this action seeking damages allegedly resulting from their purchases of a variable annuity upon the recommendation of defendant Richard Jeffrey Jerome, a financial consultant employed by defendant AXA Advisors, LLC. Those purchases were made between 1999 and 2003, and the instant action was commenced on April 4, 2011. The complaint asserted causes of action for fraud, negligence, breach of contract and breach of fiduciary duty. In lieu of serving an answer, defendants moved to dismiss the complaint contending, inter alia, that it was time-barred (*see* CPLR 3211 [a] [5]). Supreme Court granted the motion in part by dismissing as time-barred the fraud and breach of contract causes of action as asserted by all four plaintiffs, and by dismissing as time-barred the remaining two causes of action, for negligence and breach of fiduciary duty, only as asserted by two of the four plaintiffs. Plaintiffs moved for leave to renew and reargue defendants' motion, and the court granted reargument but denied

renewal.  Upon reargument, the court adhered to its prior determination.  We note at the outset that plaintiffs appealed from both the initial order in appeal No. 1 and the order issued upon reargument in appeal No. 2, while defendants cross-appealed only from the order in appeal No. 1.  We exercise our discretion, however, to treat defendants' notice of cross appeal as one taken from the order in appeal No. 2 (*see e.g. Kanter v Pieri*, 11 AD3d 912, 912), and we dismiss plaintiffs' appeal from the order in appeal No. 1 (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985, 985).

We conclude that the court properly granted that part of defendants' motion with respect to the fraud cause of action.  The statute of limitations for fraud is "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff[s] . . . discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213 [8]; *see* CPLR 203 [g]; *Sargiss v Magarelli*, 12 NY3d 527, 532).  Although the accrual dates differ for each plaintiff, defendants established that the action was commenced more than six years from the dates of the alleged acts of fraud, thus shifting the burden to plaintiffs to show that the two-year discovery exception applies (*see Vilsack v Meyer*, 96 AD3d 827, 828; *Siegel v Wank*, 183 AD2d 158, 159).  The record supports the court's determination that plaintiffs possessed knowledge of facts from which they reasonably could have discovered the alleged fraud soon after it occurred, and in any event more than two years prior to the commencement of the action (*see Giarratano v Silver*, 46 AD3d 1053, 1056; *Prestrandrea v Stein*, 262 AD2d 621, 622-623).

We further conclude that the court properly granted that part of defendants' motion with respect to the breach of contract cause of action (*see* CPLR 213 [2]).  That cause of action accrued upon the alleged breach of contract by defendants, which occurred more than six years prior to the commencement of the action, regardless of whether the damage to plaintiffs was sustained later and plaintiffs were unaware of the breach at the time it occurred (*see Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402-403).

The court also properly granted those parts of defendants' motion with respect to the negligence and breach of fiduciary duty causes of action insofar as they are asserted by plaintiffs Llord Byron Brooks, III and Frank Wickins, but the court should have granted those parts of defendants' motion with respect to the remaining two plaintiffs as well.  We therefore modify the order in appeal No. 2 by granting defendants' motion in its entirety.  Contrary to the court's determination, the negligence cause of action is not one alleging professional malpractice, inasmuch as defendants are not professionals for purposes of malpractice liability and the continuous representation toll of the three-year statute of limitations (*see* CPLR 214 [6]; *see generally Chase Scientific Research v NIA Group*, 96 NY2d 20, 28-29).  Rather, the three-year limitations period for injury to property applies (*see* CPLR 214 [4]; *Chase Scientific Research*, 96 NY2d at 30).  The negligence cause of action accrued on the dates of injury to plaintiffs (*see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94), which in

the case of each plaintiff occurred more than three years prior to the commencement of the action.  Finally, the breach of fiduciary duty cause of action is time-barred as asserted by each plaintiff under both the three-year statute of limitations for injury to property (*see* CPLR 214 [4]; *Yatter v Morris Agency*, 256 AD2d 260, 261) and the six-year statute of limitations for fraud (*see* CPLR 213 [8]; *Kaufman v Cohen*, 307 AD2d 113, 119).

Entered:  March 15, 2013                          Frances E. Cafarell
                                                  Clerk of the Court