In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated September 13, 2011, which granted the motion of the defendant Bank of America, N.A., pursuant to CPLR 3211 (a) (5) to dismiss the complaint in its entirety as time-barred and denied, as academic, her cross motion pursuant to CPLR 3211 (b) to dismiss the 15th affirmative defense asserted in the joint answer of the defendants Bank of America, N.A., and Mortgage Electronic Registration Systems, Inc.
*1048 Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant Bank of America, N.A., which was to dismiss the complaint insofar as asserted against the defendants Tonya Lewis, also known as Tonya Taylor, also known as Tony Lewis Taylor, Dorothy Lewis, and Mortgage Electronic Registration Systems, Inc., and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying, as academic, that branch of the plaintiffs cross motion which was to dismiss the 15th affirmative defense insofar as asserted by the defendant Mortgage Electronic Registration Systems, Inc.; as so modified, the order is affirmed, without costs or disbursements.
Contrary to the plaintiffs contention, the statute of limitations for a fraud cause of action applies to a cause of action alleging forgery (see Shalik v Hewlett Assoc., L.P., 93 AD3d 777 [2012]; Vilsack v Meyer, 96 AD3d 827 [2012]; JP Morgan Chase Bank, N.A. v Kalpakis, 91 AD3d 722 [2012]; Coombs v Jervier, 74 AD3d 724 [2010]). The statute of limitations for a fraud-based cause of action requires that the action be commenced within six years after the allegedly fraudulent act or within two years after discovery, whichever is later (CPLR 213 [8]; 203 [g]; Sargiss v Magarelli, 12 NY3d 527 [2009]; Vilsack v Meyer, 96 AD3d at 828). Here, the forgery allegedly occurred in 2000, and the plaintiffs own filing in an earlier action showed that she knew of the alleged fraud by 2003. Thus, she was required to commence an action by 2006 at the latest, whereas this action was commenced in 2010. Accordingly, the Supreme Court properly granted that branch of the motion of the defendant Bank of America, N.A. (hereinafter the Bank), which was to dismiss the complaint insofar as asserted against it (see CPLR 213 [8]; 203 [g]; Sargiss v Magarelli, 12 NY3d 527 [2009]; Vilsack v Meyer, 96 AD3d at 829), and properly denied, as academic, that branch of the plaintiffs cross motion which was to dismiss the 15th affirmative defense insofar as asserted by the Bank in the answer it filed jointly with the defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS).
The complaint, however, is still viable insofar as asserted against the defendants Tonya Lewis, also known as Tonya Taylor, also known as Tony Lewis Taylor, and Dorothy Lewis, since they failed to raise the statute of limitations defense in their answer or in a pre-answer motion to dismiss (see Dougherty v City of Rye, 63 NY2d 989 [1984]; Horst v Brown, 72 AD3d 434 [2010]; Mann v Rusk, 14 AD3d 909 [2005]). Also, since MERS did not join in the Bank’s motion to dismiss the complaint, the *1049 Supreme Court erred in granting that branch of the Bank’s motion which was to dismiss the complaint insofar as asserted against MEES (see Jaroff v Board of Assessment Review of Town of Ossining, 89 AD2d 617 [1982]), and in denying, as academic, that branch of the plaintiffs cross motion which was to dismiss the 15th affirmative defense insofar as asserted by MERS.
The plaintiffs remaining contentions are without merit. Dillon, J.E, Balkin, Austin and Cohen, JJ., concur.