Gormley v Marist Bros. of the Schs., Province of the United States of Am. (2025 NY Slip Op 01612)

Gormley v Marist Bros. of the Schs., Province of the United States of Am.

2025 NY Slip Op 01612

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-11680
 (Index No. 900017/21)

[*1]Steven Gormley, appellant, 
v
Marist Brothers of the Schools, Province of the United States of America, etc., respondent, et al., defendants.

Kevin T. Mulhearn, P.C., Orangeburg, NY, for appellant.
Biedermann Hoenig Semprevivo, a Professional Corporation, New York, NY (Elaine Chou, Philip C. Semprevivo, Jr., and Meishin Riccardulli of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered August 29, 2023. The order granted the motion of the defendant Marist Brothers of the Schools, Province of the United States of America, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Marist Brothers of the Schools, Province of the United States of America, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it is denied.
In March 2021, the plaintiff commenced this action, inter alia, to recover damages for personal injuries pursuant to the Child Victims Act (see CPLR 214-g) against the defendant Marist Brothers of the Schools, Province of the United States of America (hereinafter the defendant), among others. The plaintiff thereafter filed an amended complaint. He alleged therein that while he was a student at St. Mary's High School in Manhasset in the 1980s, he was repeatedly sexually abused by a guidance counselor. According to the plaintiff, the guidance counselor was a "Brother" employed by the defendant's predecessor in interest during the period in which the abuse occurred. The plaintiff also alleged that he signed release agreements in 1993 in favor of the defendant's predecessor in interest and in 2006 in favor of the defendant as to any claims he may have had relating to the abuse (hereinafter the releases). In the amended complaint, the plaintiff asserted causes of action against the defendant, among other things, to set aside or rescind the releases on the ground of fraud.
The defendant moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it. In support of its motion, the defendant argued that the releases barred the plaintiff from pursuing the causes of action sounding in negligence insofar as asserted against it and that the causes of action to set aside or rescind the releases were subject to dismissal on multiple grounds. In an order entered August 29, 2023, the Supreme Court granted the motion. The plaintiff appeals.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Cruz v Guaba, 226 AD3d 964, 965 [internal quotation marks omitted]). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Islandcap, LLC v Cohen, 230 AD3d 660, 661 [internal quotation marks omitted]).
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [internal quotation marks omitted]). "A release may be invalidated, however, for any of the traditional bases for setting aside written agreements, [including] fraud," among other grounds (Applewhite v 112 Liberty Assoc., LLC, 233 AD3d 834, 834 [internal quotation marks omitted]). "A fraud-based action must be commenced within six years of the fraud or within two years from the time the plaintiff discovered the fraud or could with reasonable diligence have discovered it, whichever is later" (Vilsack v Meyer, 96 AD3d 827, 828 [alteration and internal quotation marks omitted]; see CPLR 203[g]; 213[8]). "The inquiry as to whether a plaintiff could, with reasonable diligence, have discovered the fraud turns on whether the plaintiff was possessed of knowledge of facts from which the fraud could be reasonably inferred" (Lipszyc v Lipszyc, 221 AD3d 992, 994 [internal quotation marks omitted]). "Generally, knowledge of the fraudulent act is required and mere suspicion will not constitute a sufficient substitute. Where it does not conclusively appear that a plaintiff had knowledge of facts from which the fraud could reasonably be inferred, a [fraud-based cause of action] should not be dismissed on motion and the question should be left to the trier of facts" (Sargiss v Magarelli, 12 NY3d 527, 532 [citation and internal quotation marks omitted]). "Ordinarily, an inquiry into when a plaintiff should have discovered an alleged fraud presents a mixed question of law and fact" (Vilsack v Meyer, 96 AD3d at 828; see House of Spices [India], Inc. v SMJ Servs., Inc., 103 AD3d 848, 849).
Here, the defendant failed to establish that the causes of action to set aside or rescind the releases on the ground of fraud were time-barred pursuant to CPLR 3211(a)(5) (see Lipszyc v Lipszyc, 221 AD3d at 994; Vilsack v Meyer, 96 AD3d at 829). "[T]here was no indication in the [amended complaint] or in the papers submitted by the defendant[ ] on [its] motion as to when the plaintiff became aware" of the alleged fraudulent conduct (Oggioni v Oggioni, 46 AD3d 646, 649). In any event, the plaintiff, in affidavits submitted in opposition to the motion, indicated that he learned of certain facts underlying the fraud-based causes of action in early 2021 (see Ferdico v Pabone, 125 AD3d 718, 719). The defendant failed to demonstrate that the plaintiff, by exercising reasonable diligence, could have discovered those facts at some point prior to the two-year period immediately preceding the commencement of this action (see Sargiss v Magarelli, 12 NY3d at 532; Lipszyc v Lipszyc, 221 AD3d at 994). Accordingly, the defendant was not entitled to dismissal of the fraud-based causes of action as time-barred.
In support of its motion, the defendant also argued that the causes of action to set aside or rescind the releases should be dismissed pursuant to CPLR 3211(a)(7) for failure to state a cause of action. The defendant raised these arguments for the first time in its reply papers. However, "[a]rguments raised for the first time in reply may be considered if the [party opposing the motion] is given the opportunity to respond and submits papers in surreply" (Gluck v New York City Tr. Auth., 118 AD3d 667, 668; see Federal Natl. Mtge. Assn. v NB 1168 Realty, LLC, ___ AD3d ___, ___, 2025 NY Slip Op 00431, *1). Therefore, contrary to the plaintiff's contention, the Supreme Court properly considered the defendant's arguments made pursuant to CPLR 3211(a)(7), since he was afforded the opportunity to respond and did so by submitting surreply papers (see Pennachio v Costco Wholesale Corp., 119 AD3d 662, 664; Gluck v New York City Tr. Auth., 118 AD3d at 668; Held v Kaufman, 238 AD2d 546, 547-548, mod 91 NY2d 425).
"On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Acala v Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 222 [*2]AD3d 706, 707, quoting Leon v Martinez, 84 NY2d 83, 87-88). "[T]he allegations of a complaint, supplemented by a plaintiff's additional submissions, if any, must be given their most favorable intendment" (Arrington v New York Times Co., 55 NY2d 433, 442). "The ultimate question is whether, accepting the allegations and affording these inferences, [the] plaintiff can succeed upon any reasonable view of the facts stated" (Perez v Y & M Transp. Corp., 219 AD3d 1449, 1450-1451 [internal quotation marks omitted]). "Whether a plaintiff can ultimately establish [the] allegations is not part of the calculus in determining a motion to dismiss" (Silvers v Jamaica Hosp., 218 AD3d 817, 818 [internal quotation marks omitted]).
As previously noted, "[a] release may be invalidated . . . for any of the traditional bases for setting aside written agreements, [including] fraud," among other grounds (Applewhite v 112 Liberty Assoc., LLC, 233 AD3d at 834 [internal quotation marks omitted]). In order to establish that a release or other "contract was the product of fraud in the inducement," a plaintiff must demonstrate the existence of "a material misrepresentation of a fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance on the misrepresentation, and injury" (Tutor Perini Corp. v State of New York, 209 AD3d 692, 696; see Clevenger v Yuzek, 222 AD3d 931, 935). By contrast, "[a] cause of action to recover damages for fraudulent concealment requires, in addition to allegations of scienter, reliance, and damages, an allegation that the defendant had a duty to disclose material information and that it failed to do so" (High Tides, LLC v DeMichele, 88 AD3d 954, 957). "Concealment with intent to defraud of facts which one is duty-bound in honesty to disclose is of the same legal effect and significance as affirmative misrepresentations of fact" (Nasaba Corp. v Harfred Realty Corp., 287 NY 290, 295). Generally, however, "[t]he mere nondisclosure of a material fact, unaccompanied by some deceptive act, does not constitute fraud absent a confidential or fiduciary relationship" (Sanford/Kissena Owners Corp. v Daral Props., LLC, 84 AD3d 1210, 1211 [internal quotation marks omitted]; see Wallkill Med. Dev., LLC v Catskill Orange Orthopaedics, P.C., 178 AD3d 987, 989-990). Nonetheless, "[e]ven in the absence of a fiduciary relationship, a duty to disclose may arise when one party's superior knowledge of essential facts renders nondisclosure inherently unfair" (Barrett v Freifeld, 64 AD3d 736, 738; see Miele v American Tobacco Co., 2 AD3d 799, 803), a standard commonly known as the special facts doctrine (see Jana L. v West 129th St. Realty Corp., 22 AD3d 274, 277-278).
Here, as an initial matter, contrary to the defendant's contention, the distinct release documents the plaintiff executed on the same date in 1993 were "not separate, independent agreements," as "[t]he evidence shows that the parties intended the two documents to be interdependent and to be read together" (131 Heartland Blvd. Corp. v C.J. Jon Corp., 82 AD3d 1188, 1190).
In the amended complaint, the plaintiff alleged both fraudulent inducement and fraudulent concealment in support of the causes of action to set aside or rescind the releases. With regard to the fraudulent inducement allegations, the defendant expressly promised the plaintiff in the 1993 releases that the guidance counselor would "never again be permitted to undertake any work or ministry of whatsoever kind with minors," and the plaintiff alleged that the defendant's representative advised him that the defendant "had fully complied with and honored" that promise before he executed the 2006 release. The plaintiff alleged, inter alia, that the defendant breached this promise by allowing the guidance counselor to work with minors over a period of years beginning shortly after the 1993 releases were executed, that the defendant had no intention to adhere to its promise at the time it was initially made, and that the plaintiff detrimentally relied upon the defendant's promise in signing the 1993 releases. Contrary to the defendant's contention, these allegations, viewed in the light most favorable to the plaintiff, were sufficient to establish a cause of action to set aside or rescind the releases on the ground of fraudulent inducement (see Neckles Bldrs., Inc. v Turner, 117 AD3d 923, 925-926).
Moreover, with regard to the fraudulent concealment allegations, the plaintiff alleged, among other things, that at the time he executed the releases in 1993 and 2006, the defendant was aware that numerous allegations of sexual abuse perpetrated by the guidance counselor had been made to its representatives in the years prior to the abuse perpetrated against him, that the defendant had a duty to disclose this information to him before he executed the releases, and that he would not [*3]have executed them had he been aware of the defendant's preexisting knowledge. Even assuming that the plaintiff failed to allege facts demonstrating the existence of a confidential or fiduciary relationship (see Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue, 11 NY3d 15, 21-22; J.D. v Roman Catholic Diocese of Brooklyn, 203 AD3d 880, 881-882), his allegations were nonetheless sufficient, at the pleading stage, to establish a duty to disclose based upon the special facts doctrine and, thus, to allege a cause of action to set aside or rescind the releases on the ground of fraudulent concealment (see Barrett v Freifeld, 64 AD3d at 738; Swersky v Dreyer & Traub, 219 AD2d 321, 327-328).
Accordingly, the defendant was not entitled to dismiss the fraud-based causes of action for failure to state a cause of action.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
BARROS, J.P., BRATHWAITE NELSON, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court