Three C, LLC v City Settlement Serv., Inc. (2025 NY Slip Op 04678)

Three C, LLC v City Settlement Serv., Inc.

2025 NY Slip Op 04678

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-06649
 (Index No. 6662/16)

[*1]Three C, LLC, et al., respondents,
v
City Settlement Service, Inc., et al., defendants, Edward Dowd, et al., appellants.

Law Offices of Abe George, P.C., New York, NY, for appellant Edward Dowd, and Bachu, Bedesi, Nguyen, Jamaica, NY (Darmin T. Bachu and Tony Nguyen of counsel), for appellant Darmin Bachu (one brief filed).
Egan & Golden, LLP, Patchogue, NY (Christopher A. Bianco of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendant Darmin Bachu appeals, and the defendant Edward Dowd separately appeals, from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated May 4, 2023. The order, insofar as appealed from, denied those branches of those defendants' separate motions which were pursuant to CPLR 3211(a)(5) to dismiss the fraud causes of action insofar as asserted against each of them as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In an amended complaint, the plaintiffs alleged that the defendants Edward Dowd and Darmin Bachu (hereinafter together the defendants) committed certain fraudulent conduct related to a loan made by the plaintiffs for the purchase of certain silver goods. The defendants separately moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the fraud causes of action insofar as asserted against each of them as time-barred. In an order dated May 4, 2023, the Supreme Court, among other things, denied those branches of the defendants' separate motions.
"[A] fraud-based action must be commenced within six years of the fraud or within two years from the time the plaintiff discovered the fraud or could with reasonable diligence have discovered it, whichever is later" (Vilsack v Meyer, 96 AD3d 827, 828 [internal quotation marks omitted]; see CPLR 213[8]). "The inquiry as to whether a plaintiff could, with reasonable diligence, have discovered the fraud turns on whether the plaintiff was 'possessed of knowledge of facts from which [the fraud] could be reasonably inferred'" (Sargiss v Magarelli, 12 NY3d 527, 532, quoting Erbe v Lincoln Rochester Trust Co., 3 NY2d 321, 326). "Generally, knowledge of the fraudulent act is required and mere suspicion will not constitute a sufficient substitute" (id. [internal quotation marks omitted]). "'Where it does not conclusively appear that a plaintiff had knowledge of facts from which the fraud could reasonably be inferred, a complaint should not be dismissed on motion and the question should be left to the trier of the facts'" (id., quoting Trepuk v Frank, 44 NY2d 723, 725).
The facts presented here did not conclusively demonstrate, as a matter of law, that the alleged fraudulent conduct could have been discovered earlier in the exercise of reasonable diligence (see Trepuk v Frank, 44 NY2d at 725; House of Spices [India], Inc. v SMJ Servs., Inc., 103 AD3d 848, 849; Vilsack v Meyer, 96 AD3d at 829). Accordingly, the Supreme Court properly denied those branches of the defendants' separate motions which were pursuant to CPLR 3211(a)(5) to dismiss the fraud causes of action insofar as asserted against each of them as time-barred.
In light of our determination, we need not reach the plaintiffs' remaining contention.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court